## City of Indian Hills v. Indian Hills Development Co.

March 22, 1949.

Rehearing denied May 13, 1949.

W. A. Armstrong, D. E. Armstrong and W. J. Goodwin for appellant.

Stanley Newhall and Davis W. Edwards for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This appeal is from a judgment denying the City of

Indian Hills the exclusive right to use the name, Indian Hills. The parties agree that the name, Indian Hills, is a geographical term which was given to a section of Jefferson County lying east of Louisville. It is the position of the City that it has had exclusive right to use the name since the time of its incorporation in 1942, and also that the area now being developed by the Indian Hills Development Company, a private corporation, under the name, Indian Hills Subdivision, Cherokee Unit No. 1, but which is actually referred to in newspaper advertising as the Indian Hills Cherokee Section, lies approximately one mile east of the area originally known as Indian Hills.

In 1924, the Development Company acquired two tracts of land, one of which was referred to in the deed as Indian Hill. In 1926, the Company developed a section known as Indian Hills Subdivision, Country Club Unit. In 1940, the Company developed the remainder of the lands acquired by it in 1924 into a subdivision known as Indian Village. In 1942, the City of Indian Hills was incorporated. It included all of the original Indian Hills Subdivision, Country Club Unit, and a part of the Indian Village Subdivision. The Company still owned a number of lots in those two subdivisions when the City was incorporated and it raised no question as to the use of the name, Indian Hills. In 1925, the Company acquired another tract of land and it was a part of this tract which it began developing in 1947 under the name, Indian Hills Subdivision, Cherokee Unit No. 1. This action followed, which resulted in the chancellor sustaining demurrers to both the original and amended petition.

As we have noted, it is agreed that the name in question is a geographical one. The City is not questioning the right of the Company to use its corporate name, but it is objecting to the use of the name, Indian Hills, in connection with what it terms "another subdivision." It asserts that the disputed name has long been applied to the area within its corporate limits; that it is an expensive and desirable residential area; and that the use of the name in another area will cause general confusion on the part of the public.

The case presents a rather unusual situation. It is the position of the City that the case is not governed

strictly by the law of trade-marks and trade names, but rather it falls within the broader scope of the law of unfair competition which requires special consideration. Neither party has cited a case directly in point, nor have we been able to find one. It is well settled that a geographical term or name cannot be appropriated exclusively as a valid trade-mark or trade name. Wyatt v. Mammoth Cave Development Co., 6 Cir., 26 F.2d 322. For a full discussion of this question see Unfair Competition and Trade-Marks, Harry D. Nims, Vol. 1, p. 290, section 98a.

The case of Churchill Downs Distilling Co. v. Churchill Downs, Inc., 262 Ky. 567, 90 S.W.2d 1041, dealt with a question of unfair appropriation of a business or corporate name. The Distilling Company was enjoined from the further use of the word ''Downs'' in connection with the word ''Churchill.'' The facts in that case are clearly distinguishable from those in the case at bar.

As pointed out by Judge Speckman, the City and the Company are engaged in vastly different activities. For a number of years the latter has carried on a real estate development business under the name, Indian Hills Development Company. It began and is still continuing its operations in a section of Jefferson County known generally as Indian Hills. On the other hand, those who were instrumental in the incorporation of the City in 1942 by choice selected the name, Indian Hills. There is no element of competition between the parties. Those who were responsible for the incorporation of the City knew the Company's name and the nature of its business. The point is made that the Company acquiesced in the use of the disputed name by the City, but it is very doubtful whether the Company would have been heard to dispute the right of the incorporators to use the name, Indian Hills, since it had long been recognized as a geographical term. It may be that the section now being developed by the Company is not contiguous with any part of its original developments, but the territory is located in the area generally known as Indian Hills, and is being developed by a Company which certainly has the right to the use of its own name. But, in any event, we fail to see how the City is in any position to

assert the exclusive right to the use of the name, Indian Hills.

Judgment affirmed.