BURNSIDE VENEER CORP. v. NEW
BURNSIDE VENEER CO.

Court of Appeals of Kentucky.
March 28, 1952.

Brown, Greenebaum & Eldred, Louisville, Smith & Blackburn, Somerset, for appellant.

Sam C. Kennedy, Somerset, for appellee.

MILLIKEN, Justice.

The principal issue on this appeal is whether the appellee, The New Burnside Veneer Company, incorporated in 1949, adopted a deceptively similar name to the appellant, Burnside Veneer Corporation, incorporated in 1948, in violation of KRS 271.045, which is a part of our general corporation law. Involved in the determination of that problem is whether KRS 271.045 is declaratory of the common law or an extension of it. The trial judge refused to enjoin The New Burnside Veneer Company from the use of the name.

The pertinent section of our statutory law is KRS 271.045(2, 4), which reads:

"(2) Except as provided in KRS 271.435, the corporate name shall not be the same as, nor deceptively similar to, the name of any other domestic corporation or of any foreign corporation authorized to do business in this state unless:

"(a) Such other domestic or foreign corporation is about to change its name, or to cease to do business, or is being wound up, or such foreign corporation is about to withdraw from doing business in this state, and

"(b) The written consent of such other domestic or foreign corporation to the adoption of its name or a deceptively similar name has been given and filed in triplicate with the articles of incorporation. * * *

"(4) The assumption of a name in violation of this section shall not affect or vitiate the corporate existence, but the courts of this state having equity jurisdiction may, upon the application of the state or of any person interested or affected, enjoin such corporation from doing business under a name assumed in violation of this section, although a certificate of incorporation may have been issued."

After the enactment of this statute, this court invoked the common law rule and refused to grant protection to a geographic name. City of Indian Hills v. Indian Hills Development Co., 310 Ky. 104, 219 S.W.2d 776. The aforesaid statute was not discussed in the opinion, but common law principles were wholly relied upon and hence are still applicable in this jurisdiction. We believe the reasoning of that opinion is sound and represents the general law on the subject.

"A greater degree of similarity in names of corporations will be tolerated where they are geographical or descriptive than where the first corporation's name is fanciful and arbitrary. A corporation cannot, however, by adopting as its name words simply indicative of the character of the business which it proposes to carry on, or by adopting words indicative purely of locality within the state, acquire a right to their use to the exclusion of others." 13 Am. Jur., Corporations, § 134, page 272. The pre-emption of such designations as geographic and generic terms for corporate names, if permitted, would unduly

interfere with the necessary or proper use of them by others in the same locality or business. Restatement of the Law of Torts, §§ 720 and 721.

■ As stated before, the statute involved, KRS 271.045(2, 4), is part of the codification of our law of private corporations. Chapter 141, Acts of 1946; Chapter 271 KRS. Its purpose is to regulate the acquisition of and afford protection to corporate names. For us to construe it in a manner which would create exclusive rights in geographic or generic terms would lead to absurd results, results of such scope that it can fairly be presumed they would have been expressly mentioned in the statute had the Legislature intended them.

■ The New Burnside Veneer Company is operating at Burnside in a plant formerly operated by the Burnside Veneer Corporation's predecessor, Burnside Veneer Company, which also was a corporation and which operated in Burnside from 1922 to 1948. Burnside Veneer Corporation is not actively engaged in the production of veneer, but holds stock in the Kreamer Veneer Company, manufacturer of veneer products at Junction City, Kentucky. We held in Churchill Downs Distilling Co. v. Churchill Downs, 262 Ky. 567, 90 S.W.2d 1041, that a corporate name could be protected even where there was no business competition between the litigants.

■ The appellant contends that the words "Burnside Veneer" have acquired a secondary meaning because of their long usage in the trade. It is pointed out that the Burnside Veneer Corporation was formed by the stockholders of the Burnside Veneer Company within the year of the latter's dissolution. The term "secondary meaning" as used in this field of law is explained by Section 716 (b) of the Restatement of the Law of Torts, which reads in part:

"The phrase 'secondary meaning,' as thus used, does not mean a subordinate or rare significance. It means rather a subsequent significance added to the previous meaning of the designation and becoming in the market its usual and primary significance.

"Whether or not a designation has acquired this special significance is a question of fact in each case. No particular period of use is required. In some cases the special significance is not acquired even after an extended period of use; in others it is acquired after a brief period. The issue in each case is whether or not in fact a substantial number of present or prospective purchasers understand the designation, when used in connection with goods, services or a business, not in its primary lexicographical sense, but as referring to a particular person or association. Long continued use of the designation is evidence from which this 'secondary meaning' may properly be inferred; but the inference is rebuttable."

■ The veneering of the litigants is not sold to the public in general, but to manufacturers, such as furniture fabricators, who use the veneer in the making of their products. The market is restricted. The term "Burnside Veneer" suggests to the trade no product unique in its characteristics. The term may cause those in the trade to associate in their minds the individuals connected with the appellant who had been in the veneering business at Burnside for so many years, which would be to the appellant's advantage. Where an older corporation attempted to enjoin a competitor corporation from advertising a grade of sand as "No. 5 Newport," a description which the older corporation had established, we said: "Anyone engaged in the business of digging and selling sand in Newport or vicinity may sell their sand as 'Newport sand'." Newport Sand Bank Co. v. Monarch Sand Mining Co., 144 Ky. 7, 137 S.W. 784, 787, 34 L.R.A.,N.S., 1040.

We conclude that the appellant has established no "secondary meaning" to the term "Burnside Veneer" which entitles it to the relief sought.

The judgment is affirmed.