IN THE MATTER OF:
COURT OF CRIMINAL APPEALS
NO.(S) PD-0490-13 & PD-0491-13
VACATED & REMANDED RECONSIDERATION

2nd COURT OF APPEALS
NO.(S) 02-12-00062-CR & 02-12-00063-CR
JUDGEMENT ON REMAND AFFIRMED

DATE: July 20, 2015

GERARDO TOMAS RIVAS #-1766735

POWLEDGE UNIT T/C  N - 64
1400 FM 3452
PALESTINE, TEXAS 75803 - 2350

**RECEIVED**

**JUL 2 7 2015**

COURT OF APPEALS
SECOND DISTRICT OF TEXAS
DEBRA SPISAK, CLERK

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

NO.(S) PD-0490-13 & PD-0491-13

**GERARDO TOMAS RIVAS, RELATOR**

v.

COURT OF APPEALS
SECOND DISTRICT OF TEXAS

RESPONDENT

**RECEIVED IN
COURT OF CRIMINAL APPEALS**

**JUL 30 2015**

**Abel Acosta, Clerk**

PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGE(S) OF SAID COURT,

COMES NOW, GERARDO TOMAS RIVAS, PRO-SE, RELATOR herein, complaining of the COURT OF APPEALS SECOND DISTRICT OF TEXAS JUDGEMENT ON REMAND, AFFIRMING NO.(S) 02-12-00062-CR & 02-12-00063-CR, from CRIMINAL DISTRICT COURT NO. 4 of TARRANT COUNTY TRIAL COURT NO.(S) 1215971D & 1215973D, a CLEAR ABUSE OF DISCRETION WITH THE CONCLUSION THAT, EVEN EXCLUDING THE DOG SNIFF, THE MAGISTRATE COULD HAVE REASONABLY FOUND THAT THE SEARCH WARRANT AFFIDAVIT ESTABLISHED PROBABLE CAUSE (Based on this conclusion, we do not reach whether JARDINES should apply retroactively. See Tex R App P 47.1, Id. at SEPTEMBER 25, 2014, OPINION ON REMAND, PER CURIAM, at pg. 9).

Not only did the COURT OF APPEALS SECOND DISTRICT OF TEXAS enter into a CLEAR ABUSE OF DISCRETION, they have enjoined into "A CONSPIRACY TO CONCEAL AND IGNORE STATE AND FEDERAL LAW PRECEDENTS" with said conscious, intentional, and reckless MOVE / ORDER to undermine the precedented RULE OF LAW, thereby, removing themselves from any realm of immunity and/or absolute immunity through said careless acts under COLOR OF JUDICIAL OFFICE, COLOR OF LAW, AND ABUSE OF POWER in said commissions, with THE STATE OF TEXAS, for the POLICE SEARCH IN VIOLATION OF THE FOURTH AMENDMENT, ART. I § 9 of TEX CONST. WITH ADOPTED STATUTORY EXCLUSIONARY RULE TEX CODE CRIM PROC ART 38.23, MAGISTRATES QUESTIONABLE JURISDICTION FOR WARRANT ISSUANCE, AND SUPREME COURT CASES OF KYLLO WITH CONFIRMATION ADDRESSED IN JARDINES CASE, FOR "THEN BINDING PRECEDENTS SINCE 2001."

1

I
## BACKGROUND

RELATOR was charged with two counts of possession of a controlled substance with the intent to deliver. A dog sniff at his front door lead to the charges against him. The SECOND DISTRICT COURT OF APPEALS did not have the benefit of JARDINES, accordingly this TEXAS COURT OF CRIMINAL APPEALS GRANTED RELATOR'S PETITIONS FOR DISCRETIONARY REVIEW, VACATED THE JUDGEMENTS of the SECOND DISTRICT COURT OF APPEALS and REMANDED these cases to the SECOND DISTRICT COURT OF APPEALS in light of JARDINES (RIVAS II, NO.(S) PD-0490-13 & PD-0491-13, DELIVERED OCTOBER 23, 2013, Id. at per curiam, opin.) (Publish).

OPINION ON REMAND, the SECOND DISTRICT COURT OF APPEALS, at I. INTRODUCTION, Conclude that JARDINES does not affect the outcome, and affirm (NO.(S) 02-12-00062-CR & 02-12-00063-CR, per curiam, opin. delivered SEPTEMBER 25, 2014, Id. at *4, 9). With a final conclusion, "Therefore, we conclude that, even excluding the dog sniff, the magistrate could have reasonably found that the search warrant affidavit established probable cause. (f.n. 5, Based on this conclusion, we do not reach whether JARDINES should apply retroactively. See Tex. R. App. P. 47.1.) III. CONCLUSION, Having considered our prior opinion in light of JARDINES as directed by the COURT OF CRIMINAL APPEALS, we affirm the trial court's judgement", Id. at *9, supra.

II
## CASE(S) DISCUSSION

Based on RELATOR'S arrest for possession of the controlled substances in the cases supra, RIVAS II, Id., the STATE moved to adjudicate RELATOR'S guilt in three prior drug possession cases. RIVAS v STATE (RIVAS I), NO.(S) 02-11-00203-CR, 02-11-00204-CR, and 02-11-00205-CR, 2012 WL 5512450, at *1-2, 5 (Tex. App.-Fort Worth, Nov. 15, 2012, no pet.)(mem. op., not designated for publication).

RELATOR filed a MOTION TO SUPPRESS, which the trial court denied. RELATOR then entered an open plea of guilt to the charges supra, RIVAS II, Id., and the trial court sentenced him to 17 years in prison on each count, to run concurrently. (RIVAS II, CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY, TEXAS, NO.(S) 1215971D & 1215973D).

On APPEAL, RELATOR argued that the trial court erred in denying his MOTION TO SUPPRESS citing **BOTH**, KYLLO v UNITED STATES, 533 US 27, 121 S Ct 2038, 150 L Ed 2d 94, NO. 99-8508, UNITED STATES SUPREME COURT JUNE 11, 2001, argued FEBRUARY 20, 2001, **DECIDED UNDER PRIVACY GROUNDS;** and, FLORIDA v JARDINES, 569 US ___, 133 S Ct 1409, 185 L Ed 2d 495, 81 USLW 4209, NO. 11-564, writ of certiorari, delivered MARCH 26, 2013, **DECIDED UNDER PROPERTY RUBIC;** inter - alia. The SECOND DISTRICT APPEALS COURT disagreed and affirmed the convictions. RIVAS II, NO.(S) 02-12-00062-CR & 02-12-00063-CR, 2013

2

2

Tex. App. LEXIS 2730 (Tex. App.- Fort Worth MARCH 14, 2013)(not designated for publication). The SECOND DISTRICT COURT OF APPEALS' determination for affirmation of conviction was based soley as, "after determining that the MAGISTRATE had a SUBSTANTIAL BASIS FOR CONCLUDING that the SEARCH WARRANT WAS SUPPORTED BY PROBABLE CAUSE **BASED ON A DRUG-SNIFFING POLICE DOG'S ALERT TO RIVAS' FRONT DOOR ON THE SAME DAY THAT THE WARRANT WAS OBTAINED AND EXECUTED.**" Id. at *1, 5. This was the reasoning even though, "RIVAS argues that the warrantless open-air sniff of his apartment door was illegal; however, this court (SECOND DISTRICT COURT OF APPEALS) has held otherwise. See ROMO v STATE, 315 SW 3d 565, 573 (Tex. App.-Fort Worth 2010, pet. ref'd)(citing RODRIGUEZ v STATE, 106 SW 3d 224, 228-29 (Tex. App.-Houston [1st Dist.] 2003, pet. ref'd), cert. denied, 540 US 1189 (2004), for the proposition that **'A DRUG DETECTION DOG'S SNIFF OF THE FRONT DOOR OF A DEFENDANT'S HOME IS LEGAL BECAUSE THERE IS NO REASONABLE EXPECTATION OF PRIVACY IN THE AREA AROUND AN UNENCLOSED FRONT DOOR').** Thus, we (SECOND DISTRICT COURT OF APPEALS) hold that the open-air dog sniff of the front door to RIVAS' apartment was **LEGAL** and, consistent with our (SECOND DISTRICT COURT OF APPEALS) holding in RIVAS I, was sufficient to establish probable cause for the search warrant. See 2012 WL 5512450, at *5. We (SECOND COURT OF APPEALS) overrule RIVAS' first point." RIVAS II, supra, Id. at 3, 4.

The RULINGS IN **BOTH**, ROMO and RODRIGUEZ, supra, Id., are in **DIRECT CONTRADICTION** to **KYLLO**, supra, Id., as RULED by the SECOND DISTRICT COURT OF APPEALS INCLUDING THEIR RULING OF RIVAS I & II, supra, Id.. This <u>ASSERTION **IS PRECEDENTED ON THE UNITED STATES** SUPPLE COURT **IN:**</u> JARDINES, supra, Id., as (3) three <u>SUPREME COURT JUSTICES</u> CONCUR, JUSTICE KAGAN, JUSTICE GINSBURG, and JUSTICE SOTOMAYOR join in JARDINES, which was **DECIDED UNDER A PROPERTY RUBIC**, to **CONCLUDE THAT THE ISSUES OF JARDINES HAD ALREADY BEEN RESOLVED UNDER PRIVACY GROUNDS EXPLAINED IN KYLLO**, supra, Id.; <u>KYLLO</u>, supra, Id., <u>THE KYLLO COURT HELD</u> that **POLICE OFFICERS <u>CONDUCTED A SEARCH</u>** when they used a thermal-imaging device to detect heat emenating **FROM <u>A PRIVATE HOME</u> (A TRIPLEX), EVEN THOUGH THEY <u>COMMITTED NO TRESPASS</u>. HIGHLIGHTING, OR INTENTION TO, DRAW BOTH A "FIRM AND A BRIGHT LINE <u>AT THE ENTRANCE TO THE HOUSE</u> (A TRIPLEX).** KYLLO, supra, Id. at 40. The UNITED STATES SUPREME COURT ANNOUNCED THE FOLLOWING RULE: WHERE, (ROMO, RODRIGUEZ, and RIVAS I & II, AS HERE), THE GOVERNMENT USES A DEVICE THAT IS NOT IN GENERAL PUBLIC USE, **TO EXPLORE DETAILS OF THE <u>HOME</u> (<u>APARTMENT, DUPLEX, ETC</u>.) THAT WOULD PREVIOUSLY HAVE BEEN UNKNOWABLE WITHOUT PHYSICAL INTRUSION, THE SURVEILLANCE 'IS A SEARCH' AND PRESUMPTIVELY <u>UNREASONABLE WITHOUT A WARRANT</u>.**" Ibid.

That "FIRM AND BRIGHT RULE GOVERNS THESE CASES:" The POLICE OFFICERS HERE **CONDUCTED**

A SEARCH BECAUSE THEY USED A "DEVICE...NOT IN GENERAL USE" (A TRIANED DRUG-DETECTION DOG) TO "EXPLORE DETAILS OF THE HOME (APARTMENT, DUPLEX, ETC.)" THAT THEY "WOULD NOT OTHERWISE DISCOVERED WITHOUT ENTERING THE PREMISES." Thus, obtaining by SENSE − ENHANCING TECHNOLOGY ANY INFORMATION REGARDING THE HOMES INTERIOR THAT COULD NOT OTHERWISE BEEN OBTAINED WITHOUT "INTRUSION INTO A CONSTITUTIONALLY PROTECTED AREA," SILVERMAN v UNITED STATES, 365 US 505, 512, CONSTITUTES A SEARCH − at least where (as here) the technology in question is NOT IN PUBLIC USE. This assures preservation of that degree of PRIVACY AGAINST GOVERNMENT THAT EXISTED WHEN THE FOURTH AMENDMENT WAS ADOPTED. KYLLO, supra, Id. at 33 − 35. On the basis of this criterion, the information obtained by the "TRAINED DRUG − DETECTION DOGS" in these cases (ROMO, RODRIGUEZ, AND RIVAS I & II) was the product of a search. KYLLO, supra, Id..

RELATOR FILED PETITIONS FOR DISCRETIONARY REVIEW (RIVAS II, PD-0490-13 & PD-0491-13, VACATED and REMANDED, COURT OF CRIMINAL APPEALS, DELIVERED OCTOBER 23, 2013)(PUBLISH), arguing that the SECOND DISTRICT COURT OF APPEALS erred under, BOTH, KYLLO, and JARDINES, supra, Id., with JARDINES HOLDING:"The Government's use of trained police dogs to investigate the home and its immediate surrounds is a 'SEARCH' within the meaning of THE FOURTH AMENDMENT. The Judgement of the Supreme Court of Florida is therefore affirmed." (SUPREME COURT OF THE UNITED STATES, cited as: 569 US ___ (2013) at 1, opin. NO. 11-564, FLORIDA, PETITIONER v JOELIS JARDINES, writ of certiorari to Supreme Court Florida). JARDINES was handed down on March 26, 2013, 12 days after the SECOND DISTRICT COURT OF APPEALS issued its opinion in these cases, accordingly the COURT OF CRIMINAL APPEALS GRANTED RELATOR'S PETITIONS FOR DISCRETIONARY REVIEW (RIVAS II, supra, Id.), VACATED THE JUDGEMENTS of the SECOND DISTRICT COURT OF APPEALS and REMANDED these cases to the SECOND DISTRICT COURT OF APPEALS in light of JARDINES.

ON REMAND, RELATOR FILED BRIEF, submitted FEBRUARY 15, 2014, detailing arguements of PDR GROUNDS FOR REVIEW; PROBABLE CAUSE FOR SEARCH OR ARREST ESTABLISHED BY PRIOR ILLEGAL SEARCH OR ARREST TO BE TAINTED FRUITS THEREOF SUPRESSED WITH EVIDENCE OBTAINED INADMISSABLE AS THE RESULT OR EXPLOITATION OF THAT PRIMARY ILLEGALITY IS AS WELL INADMISSABLE AS "FRUITS OF THE POISONOUS TREE"; ARGUEMENT ON THE FOUR CORNERS OF THE UNCONSTITUTIONAL SEARCH WARRANT AS ISSUED; SEARCH WARRANT ISSUANCE BY MUNICIPAL COURT MAGISTRATE JURISDICTIONALLY FLAWED; inter − alia. (APPELLANT'S BRIEF ON REMAND, Id. at pgs. 7 − 18).

ON REMAND, STATE'S BRIEF filed MARCH 24, 2013, STATE'S Response to the First Question Before the COURT: "JARDINES should not be applied retroactively to exclude the results of the canine sniff in determining probable cause where police conducted the search in

objectively reasonable reliance on binding precedents.

STATE'S Response to the Second Question Before the Court: "Even if the result of the canine sniff is excluded, the remainder of the affidavit was sufficient to establish probable cause to support the issuance of a search warrant." (STATE'S BRIEF ON REMAND, Id. at pg. 7, SUMMARY OF STATE'S RESPONSE).

ADDENDUM RESPONSE TO STATE'S BRIEF ON REMAND, RELATOR SUBMITTED on APRIL 04, 2014. Arguing: KYLLO has been the existing JUDICIAL PRECEDENTS SINCE JUNE 11, 2001, over 13 years at the time of SEARCH WARRANT ISSUANCE by A MUNICIPAL COURT PRO – TEM JUDGE (RIVAS II); and, JURISDICTION OF MUNICIPAL COURT PRO – TEM JUDGE in DIRECT VIOLATION OF TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE § 4.14 to ISSUE SEARCH WARRANT IN CRIMINAL CASE as the PRIMARY CONSTRAINT IN THE FOUR CORNERS OF THE AFFIDAVIT. ADDENDUM, Id. throughout. (DETAILED IN APPELLANT'S BRIEF ON REMAND, Id. at pgs. 7 – 18).

SECOND DISTRICT COURT OF APPEALS, ON REMAND, SEPTEMBER 25, 2014, RE – AFFIRMED THE TRIAL COURT'S JUDGEMENT REASONING AS REVEALED PAGE 1 herein. Id., NO.(S) 02-12-00062-CR & 02-12-00063-CR; TRIAL COURT NO.(S) 1215971D & 1215973D.

III
TEXAS LAW

A. The SECOND DISTRICT COURT OF APPEALS:

  1) MARCH 14, 2013, MEMORANDUM OPINION, NO.(S) 02-12-00062-CR & 02-12-00063-CR, at;

   III. MOTION TO SUPPRESS; A. OPEN AIR DOG SNIFF:

..."In RIVAS I, we held that the **OPEN-AIR DOG SNIFF** was **SUFFICIENT TO ESTABLISH PROABLE CAUSE**, and we **DID NOT REACH RIVAS' COMPLAINTS ABOUT THE INFORMANT'S CREDIBILITY OR CORROBORATION.** See id. at *5. Here, **RIVAS ARGUES THAT THE WARRANTLESS OPEN-AIR DOG SNIFF** of his **APARTMENT DOOR WAS ILLEGAL;** however **THIS COURT HAS HELD OTHERWISE.** (f.n. 2) See ROMO v STATE, 315 SW 3d 565, 573 (Tex. App.-Fort Worth 2010, pet. ref'd)(citing RODRIGUEZ v STATE, 106 SW 3d 224, 228-29 (Tex. App.-Houston [1st Dist.] 2003, pet. ref'd), cert. denied, 540 US 1189(2004), for the proposition that **A DRUG DETECTION DOG'S SNIFF OF THE FRONT DOOR OF A DEFENDANT'S HOME IS LEGAL BECAUSE THERE IS NO REASONABLE EXPECTATION OF PRIVACY IN THE AREA AROUND AN UNENCLOSED FRONT DOOR).** Thus, **WE HOLD** that **THE OPEN-AIR DOG SNIFF OF THE FRONT DOOR TO RIVAS' APARTMENT WAS LEGAL** and, **CONSISTENT WITH OUR HOLDING IN RIVAS I, 'WAS SUFFICIENT TO ESTABLISH PROBABLE CAUSE FOR THE SEARCH WARRANT.'** See 2012 WL 5512450, at *5. We overrule Rivas' first point." Id. at *3, 4, MEMORANDUM, supra.

5

5

2) SEPTEMBER 25, 2014, OPINION ON REMAND, PER CURIAM, NO.(S) 02-12-00062-CR & 02-12-00063-CR, at;

I. INTRODUCTION:

..."SEPTEMBER 27, 2010, Rivas WAS DETAINED for new drug offenses-...-AFTER POLICE OBTAINED A SEARCH WARRANT BASED ON A TIP FROM ANDREW MUNCHRATH,...WE AFFIRMED AFTER DETERMINING that the MAGISTRATE HAD A SUBSTANTIAL BASIS FOR CONCLUDING that the SEARCH WARRANT WAS SUPPORTED BY PROBABLE CAUSE 'BASED ON' A DRUG-SNIFFING POLICE DOG'S ALERT TO RIVAS FRONT DOOR 'ON THE SAME DAY THAT THE WARRANT WAS OBTAINED AND EXECUTED.' Id. at *1, 5." Id. at *2, OPINION ON REMAND, PER CURIAM, supra.

B. The STATE'S BRIEF ON REMAND:

1) MARCH 24, 2014, NO.(S) 02-12-00062-CR & 02-12-00063-CR, at;

I. Evidence obtained from a search should not be suppressed IF POLICE OFFICERS COULD NOT HAVE HAD KNOWLEDGE THAT THE SEARCH WAS IN VIOLATION OF THE FOURTH AMENDMENT.

"In JARDINES, the SUPREME COURT ruled that a canine sniff of the curtilage of a private residence constitutes a search under THE FOURTH AMENDMENT. Florida v Jardines, ...Prior to the Court's opinion in JARDINES, POLICE OFFICERS IN THE INSTANT CASE CONDUCTED AN "OPEN AIR SNIFF" AT THE FRONT DOOR OF APPELLANT'S APARTMENT, USING A NNDDA CERTIFIED CANINE.(f.n. 3, The record in the instant case is not sufficient to determine whether the area outside Appellant's door was part of the curtilage.)[RR IV: State's Exhibit One, at *6]. The CANINE ALERTED TO THE PRESENCE OF NARCOTIC ODORS FROM THE RESIDENCE, 'AND THAT INFORMATION WAS INCLUDED' IN THE AFFIDAVIT OFFICERS 'USED TO OBTAIN A SEARCH WARRANT FOR APPELLANT'S APARTMENT. [RR IV: State's Exhibit One, at *6].

"Evidence of the result of the canine sniff should not be excluded from consideration in determining whether probable cause existed for the issuance of a search warrant because the officers could not of anticipated that their actions were in violation of the FOURTH AMENDMENT, AND OFFICERS HAD A RIGHT TO RELY ON PRECEDENT ESTABLISHED BY THIS COURT. (SECOND DISTRICT COURT OF APPEALS, FORT WORTH, TEXAS)."

C. The COURT OF CRIMINAL APPEALS, AUSTIN, TEXAS:

1) OCTOBER 23, 2013, OPINION, PER CURIAM, NO.(S) PD-0490-13 & PD-0491-13, at;

OPINION:

"APPELLANT WAS CHARGED...A DOG SNIFF AT HIS FRONT DOOR LED TO THE CHARGES AGAINST HIM. HE FILED A MOTION TO SUPPRESS, WHICH THE TRIAL COURT DENIED...THE COURT OF APPEALS DID NOT HAVE THE BENEFIT OF JARDINES. ACCORDINGLY, WE GRANT APPELLANT'S PETITIONS FOR DISCRETIONARY REVIEW, VACATE THE JUDGEMENTS OF THE COURT OF APPEALS, AND REMAND THESE CASES TO THE COURT OF APPEALS IN LIGHT OF JARDINES." Id. at OPINION, supra.

2) In STATE v DAUGHERTY, 931 SW 2d 268, 283 (Tex. Crim. App. 1996), acknowledged:

"WE ALSO NOTE THE SUPREME COURT HAS HELD EVIDENCE FOUND PURSUANT TO AN EXECUTION OF A VALID SEARCH WARRANT IS ADMISSABLE 'PROVIDED THE INFORMATION USED TO OBTAIN THE WARRANT IS WHOLLY UNCONNECTED' TO INFORMATION UNCOVERED 'DURING AN EARLIER, INVALID SEARCH.'" Id. at pg. 5, APPELLANT'S MOTION FOR RECONSIDERATION OF OPINION ON REMAND EN BANC, Timely submitted September 26, 2014; cited in DAUGHERTY, supra, Id. at n. *4, citing, SEGURA v US, 468 US 796, 104 S Ct 3380, 82 L Ed 2d 599 (1984); MURRY v US, 487 US 533, 108 S Ct 2529, 101 L Ed 2d 472 (1988)(citing NIX v WILLIAMS, 467 US 431, 104 S Ct 2501, 81 L Ed 2d 377 (1984).

D. TEXAS CODE CRIMINAL PROCEDURES, at ARTICLE:

1) § 4.14, JURISDICTION OF MUNICIPAL COURT, states:

a) A municipal court, including a municipal court of records, shall have exclusive original jurisdiction within the territorial limits of the municipality **IN ALL CRIMINAL CASES THAT:**

1) arise under the ordinances of the municipality; **AND**

2) are punishable by a fine not to exceed:

A) $2,000 in all cases arising under the municipality ordinances that govern fire safety, zoning, or public health and sanitation, including dumping of refuse; OR

B) $500 in all other cases arising under a municipal ordinance.

b) The municipal court shall have concurrent jurisdiction with the justice court of a precinct in which the municipality is located **IN ALL CRIMINAL CASES ARISING UNDER STATE LAW THAT:**

1) arise within the territorial limits of the minicipality **AND** are punishable **ONLY** by a fine, as defined in Subsection (c) of this section; **OR**

2) arise under Chapter 106, Alcoholic Beverage Code, and **DO NOT INCLUDE CONFINEMENT AS AN AUTHORIZED SANCTION.**

c) In this article, an offense which is punishable by "fine only" is defined as an offense **THAT IS PUNISHABLE BY FINE AND SUCH SANCTIONS, IF ANY, AS AUTHORIZED BY STATUTE NOT CONSISTING OF CONFINEMENT IN JAIL OR IMPRISONMENT.**

d) The fact that a conviction in a municipal court has as a consequence the imposition of a penalty or sanction by an agency or entity other than the court, such a denial, suspension, or revocation of a privilege, does not effect the original jurisdiction of the municipal court.

e) The municipal court has jurisdiction in the forfeiture and final judgement of all bail bonds and personal bonds taken in criminal cases of which the court has jurisdiction. Id. at pg. 6, ADDENDUM RESPONSE TO STATE'S BRIEF ON REMAND, 02-12-00062-CR/02-12-00063-CR.

IV
FEDERAL PRECEDENTS
(LAW)

The STATE ADJUDICATION was contrary to clearly established FEDERAL LAW as determined by the SUPREME COURT OF THE UNITED STATES, or involved an unreasonable application of clearly established FEDERAL LAW as determined by said SUPREME COURT. HARRINGTON v RICHTER, ___ US ___, 131 S Ct 770, 785, 178 L Ed 2d 624 (2011); WILLIAMS v TAYLOR, 529 US 362, 404-05, 120 S Ct 1495, 146 L Ed 2d 389 (2000); 28 USC §§ 2254 (d)(1), (2). A STATE COURT decision is contrary to FEDERAL PRECEDENTS if it applies a rule that CONTRADICTS the GOVERNING LAW SET FORTH BY THE SUPREME COURT, or if it CONFRONTS A SET OF FACTS that are MATERIALLY INDISTINGUISHABLE FROM SUCH A DECISION AND ARRIVES AT A RESULT DIFFERENT FROM THE SUPREME COURT PRECEDENT. EARLY v PACKER, 537 US 3, 7-8, 123 S Ct 362, 154 L Ed 2d 263 (2002).

A STATE COURT unreasonably applies SUPREME COURT PRECEDENT if it UNREASONABLY APPLIES THE CORRECT LEGAL RULE to the facts of a particular case, or UNREASONABLY EXTENDS A LEGAL PRINCIPLE FROM SUPREME COURT PRECEDENT TO A NEW CONTEXT WHERE IT SHOULD NOT APPLY, OR **UNREASONABLY REFUSES TO EXTEND THAT PRINCIPLE TO A NEW CONTEXT WHERE IT SHOULD APPLY.** WILLIAMS, 529 US at 409. In deciding whether a STATE COURT'S application **WAS UNREASONABLE,** the SUPREME COURT CONSIDERS whether the APPLICATION WAS OBJECTIVELY UNREASONABLE. Id. at 411.

A decision adjudicated on the merits in a STATE COURT and BASED ON FACTUAL DETERMINATION will not be overturned on factual grounds UNLESS it is objectively unreasonable in light of evidence presented in the STATE COURT PROCEEDING. MILLER-EL v COCKRELL, 537 US 322, 343, 123 S Ct 1029, 154 L Ed 2d 931 (2003). A COURT must presume the underlying factual determination of the STATE COURT was correct, UNLESS THIS RELATOR REBUTS THE PRESUMPTION OF CORRECTNESS BY CLEAR AND CONVINCING EVIDENCE. 28 USC § 2254 (e)(1); See also MILLER-EL, 537 US at 330-31.

The RELATOR MUST afford the STATE COURT a "fair opportunity to apply controlling legal principles to the facts bearing upon his CONSTITUTIONAL CLAIM." ANDERSON v. HARLESS, 459 US 4, 6 (1982) Id. at 6.

RELATOR MUST present the claim in issue with specifity sufficient to ALLOW the STATE COURT an OPPORTUNITY TO APPLY CONTROLLING LAW TO THE FACTS OF THE CLAIM.

"[E]vidence that places the claims in a significantly different legal posture must be presented to the STATE COURT'S." MORRIS v DRETKE, 379 F 3d 199, 204-05 (5th Cir. 2004)(emphasis & bracketed text in original; internal & end citations omitted).

RELATOR has made "a substantial showing of the denial of a CONSTITUTIONAL RIGHT, THAT REASONABLE JURISTS WOULD FIND THE ...COURT'S ASSESSMENT OF THE CONSTITUTIONAL CLAIMS DEBATABLE OR WRONG." TENNARD v DRETKE, 542 US 274, 282, 124 S Ct 2562, 159 L Ed

2d 384 (2004)(quoting SLACK v MC DANIEL, 529 US 473,484, 120 S Ct 1595, 146 L Ed 2d 542 (2000). RELATOR (THROUGHOUT THE ENTIRE APPEAL PROCESS AND AGAIN HEREIN) has shown "that a REASONABLE JURIST COULD DEBATE WHETHER (or, for that matter, AGREE THAT) the petition [SECOND DISTRICT COURT OF APPEALS ORDER] SHOULD HAVE BEEN RESOLVED IN A DIFFERENT MANNER OR THAT THE ISSUES PRESENTED WERE 'ADEQUATE TO DESERVE ENCOURAGEMENT TO PROCEED FURTHER.'" MILLER-EL, supra, 537 US at 336.

V
EXCLUSIONARY RULE

A. FEDERAL CASE LAW

The exclusionary rule "is a judicially created remedy to safegaurd FOURTH AMENDMENT RIGHTS generally through DETERRENT EFFECT, rather than a personal CONSTITUTIONAL RIGHT of a party aggrieved." UNITED STATES v CALANDRA, 414 US 338, 348, 94 S Ct 613, 38 L Ed 2d 561 (1974). The exclusionary rule's **SOLE PURPOSE** IS TO **DETER FUTURE FOURTH AMENDMENT VIOLATIONS**. Id., citing UNITED STATES v LEON, 468 US.897,, 909, 921 n.2, 104 S Ct 3405, 82 L Ed 2d 677 (1984).Furthermore, applicability of the exclusionary rule is limited to situations in which DETERRENCE IS "THOUGHT MOST EFFICACIOUSLY SERVED." See DAVIS v United STATES, ___ US ___, 131 S Ct 2419, 2426, 180 L Ed 2d 285 (2011), citing CALANDRA,414 US at2434.

The SUPREME COURT has long recognized that APPLICATION OF THE EXCLUSIONARY RULE involves consideration of the actions of the officers involved in order to determine whether the **REQUISITE DETERRENT EFFECT WILL BE ACHIEVED.** See DAVIS, 131 S Ct at 2434; ILLINIOS v KRULL, 480 US 340, 350, 107 S Ct 1160, 94 L Ed 2d 364 (1987); UNITED STATES v PELTIER, 422 US 531, 537, 95 S Ct 2313, 2318, 45 L Ed 2d 374 (1975).

The SUPREME COURT in DAVIS held that the GANT RULE applied retroactively, but that evidence obtained during the search conducted **IN REASONABLE RELIANCE ON THEN – BINDING PRECEDENT** was not subject to the exclusionary rule. DAVIS, 131 S Ct at 2429, 2434; see also, ARIZONA v GANT, 552 US 332, 352, 129 S Ct 1710, 170 L Ed 2d 274 (2008).

The SUPREME COURT declared that "[w]hen the POLICE EXHIBIT **"DELIBERATE," "RECKLESS,"** OR **"GROSSLY NEGLIGENT" DISREGARD FOR FOURTH AMENDMENT RIGHTS, THE DETERRENT VALUE OF EXCLUSION IS STRONG AND TENDS TO OUTWEIGH THE RESULTING COSTS."** DAVIS, supra, at 2427 Id..

Similarly, in KRULL, 480 US at 342-43. One day after the search was conducted, a federal court declared the statute unconstisutional, ID. at 340. Declaring that **THE PURPOSE OF THE EXCLUSIONARY RULE IS TO DETER FUTURE UNLAWFUL POLICE CONDUCT,** THE UNITED STATES SUPREME COURT HELD that the FOURTH AMENDMENT'S EXCLUSIONARY RULE **DID NOT APPLY**

WHEN AN OFFICER'S RELIANCE ON THE CONSTITUTIONALITY OF A STATUTE IS OBJECTIVELY REASONABLE, EVEN THOUGH the statute is subsequently declared unconstitutional. Id. at 347, 350.

In PELTIER, THE SUPREME COURT determined..."If the PURPOSE OF THE EXCLUSIONARY RULE IS TO DETER UNLAWFUL POLICE CONDUCT, THEN EVIDENCE OBTAINED FROM A SEARCH SHOULD BE SUPPRESSED ONLY IF IT CAN BE SAID THAT THE LAW ENFORCEMENT OFFICER HAD KNOWLEDGE, OR MAY PROPERLY BE CHARGED WITH KNOWLEDGE, THAT THE SEARCH WAS UNCONSTITUTIONAL UNDER THE FOURTH AMENDEMENT." PELTIER, supra, 422 US at 542, Id..
(CITINGS FROM STATE'S BRIEF ON REMAND, NO.(S) 02-12-00062-CR & 02-12-00063-CR, at pgs. 8 - 12).

B. TEXAS CASE LAW

Similar to the FOURTH AMENDMENT, ARTICLE I, SECTION 9 of the TEXAS CONSTITUTION PROVIDES, in relevant part, that "The people SHALL BE SECURE IN THEIR persons, HOUSES, papers in possession, FROM ALL UNREASONABLE SEARCHES OR SEIZURES..." TEXAS CONSTITUTION ART. I, § 9. Unlike the FOURTH AMENDMENT, ART. I, § 9 contains NO EXCLUSIONARY RULE, and thus, TEXAS ADOPTED A STATUTORY EXCLUSIONARY RULE. See, HULIT v STATE, 982 SW 2d 431, 439 (Tex Crim App 1998), citing WELCHEK v STATE, 247 SW 2d 524, 529 (Tex Crim App 1922). ARTICLE 38.23 of the TEXAS CODE OF CRIMINAL PROCEDURE EXCLUDES EVIDENCE "OBTAINED BY AN OFFICER OR OTHER PERSON IN VIOLATION OF 'ANY PROVISIONS' OF THE CONSTITUION OR LAWS OF THE STATE OF TEXAS, OR OF THE CONSTITUTION OR LAWS OF THE UNITED STATES OF AMERICA." TEX CODE CRIM PROC ART 38.23.

The TEXAS COURT OF CRIMINAL APPEALS has held that the EXCLUSIONARY RULE DID NOT PRECLUDE ADMISSION OF EVIDENCE FROM A WARRANTLESS SEARCH AND SEIZURE 'THAT WAS PERMISSABLE' AT THE 'TIME OF THE SEIZURE.'See SWINK v STATE, 617 SW 2d 203, 209-10 (Tex Crim App 1981). Concluding that the warrantless search and seizure of the premises by the officers in SWINK "WAS PERMISSABLE AT THE TIME OF THEIR ACTIONS," the COURT OF CRIMINAL APPEALS found no error by the trial court in admitting the complained - of evidence. SWINK, 617 SW 2d at 210, Id..

More recently, two Texas Courts of Appeals have had occasion to consider whether the EXCLUSION OF EVIDENCE was required in circumstances WHERE OFFICERS BELIEVED THEY WERE ACTING LAWFULLY AT THE TIME THEY CONDUCTED A SEARCH, but SUBSEQUENT COURT DECISIONS FOUND SEARCHES TO BE IN VIOLATION OF THE FOURTH AMENDMENT. In TAYLOR v STATE, 410 SW 3d 520 (Tex App - Amarillo 2013, no pet.) the Court Ruled that EVIDENCE IN THE CASE SHOULD NOT BE SUBJECT TO THE EXCLUSIONARY RULE BASED ON THE STATE OF THE LAW AS IT EXISTED AT THE TIME the mobile tracking device was installed, BECAUSE THE OFFICERS ACTED IN REASONABLE RELIANCE ON 'FEDERAL PRECEDENT' IN THE MAJORITY OF THE FEDERAL CIRCUIT COURTS

**OF APPEAL, INCLUDING THE FIFTH CIRCUIT.** TAYLOR, at 526-527, Id.

In ELIAS v STATE, 2012 WL 4392245 at *7 (Tex App - El Paso September 26, 2012, pet ref'd)(not designated for publication), the El Paso Court held that, although the **SEARCH OF ELIAS' VEHICLE WAS UNCONSTITUTIONAL UNDER GANT, THE OFFICERS ACTED IN OBJECTIVELY REASONABLE RELIANCE UPON 'EXISTING LAW, AND THUS,' THE EXCLUSIONARY RULE WAS NOT APPLICABLE.** ELIAS, supra, 2012 WL 4392245 at *7.
(CITINGS FROM STATE'S BRIEF ON REMAND, NO.(S) 02-12-00062-CR & 02-12-00063-CR, at pgs. 12 - 16, Id.)

VI
ABUSE OF DISCRETION
CONSPIRACY TO CONCEAL / IGNORE MATERIAL FACTS,
U.S. SUPREME COURT BINDING PRECEDENT

The SECOND DISTRICT COURT OF APPEALS, has too, ABUSED IT DISCRETION and in doing so has entered into A CONSPIRACY TO CONCEAL, IGNORE, MATERIAL FACTS, AND UNITED STATES SUPREME COURT BINDING PRECEDENT, THEREBY, AFFIRMING AN UNLAWFUL CONVICTION AND IMPRISONMENT OF THIS RELATOR.

RELATOR'S ASSERTIONS AND EXPLANATIONS FOR AFOREMENTIONED AS FOLLOWS:

A. SECOND DISTRICT COURT OF APPEALS, LIVINGSTON,C.J., MCCOY, J., & GABRIEL, J.;
   REGIONAL PRESIDING JUDGE, HONORABLE DAVID L. EVANS;
   JUDGE, CRIMINAL DISTRICT COURT NO. 4, HONORABLE MICHAEL THOMAS;
   ASSISTANT CRIMINAL DISTRICT ATTORNEY, CHARLES M. MALLIN; &
   ATTORNEY OF RECORD, JIM H. SHAW:

**ALL ARE UNDER OATH** to uphold the LAWS AND CONSTITUTIONS OF THE STATE OF TEXAS AND THE UNITED STATES. In failing to do so is AN ABUSE OF THEIR DISCRETION, NOT TO MENTION A VIOLATION OF THEIR OATH, ESPECIALLY WHEN **ALL HAVE EITHER,** CONCEALED OR IGNORED, MATERIAL FACTS OR BINDING PRECEDENT OVER A CASE, SUCH AS THE ONE BEFORE THIS COURT PRESENTLY, AND CAN BE CONSIDERED A **CONSPIRACY TO DO SO**, UNDER FEDERAL LAW.

B. The ABUSE OF DISCRETION to enter into A CONSPIRACY TO CONCEAL AND IGNORE THE MATERIAL FACTS THAT THE MAGISTRATE'S ISSUANCE OF THE SEARCH WARRANT BEYOND JURISDICTION IN DIRECT VIOLATION OF TEXAS CODE CRIMINAL PROCEDURE ARTICLE § 4.14, **TEXAS LAW,**(cited herein at, III TEXAS LAW, D. TEXAS CODE CRIMINAL PROCEDURES, pg. 7), by ALL ABOVE, as was either briefed or made aware through this entire JUDICIAL PROCESS RELATOR HAS been subjected to, especially, briefed ON REMAND (See, appellant's Brief at, III. Arguments, pg. 14 - 15), specifying:

1) A Municipal Court Pro-Tem Judge has a relatively straight forward task to issue

11

ARREST WARRANTS FOR BREACH OF MUNICIPAL ORDINANCES, and the SEARCH WARRANT ISSUANCE IN this case was beyond the JURISDICTION OF THE MUNICIPAL COURT PRO-TEM JUDGE, violating Tex. Code Crim. Proc. Art. § 4.14, thereby commiting a LEGAL / TECHNICAL DEFECT RENDERING THE SEARCH WARRANT OF **"NO FORCE OR EFFECT, LEGALLY."**

JUSTICE STEVENS (cited in ILLINIOS v GATES, 462 US 213, 76 L Ed 2d 527, 103 S CT 2317, reh. den. (US) 77 L Ed 2d 1453, 104 S Ct 33, at 262, II., B., Id.) put in writing for the Court in US v ROSS, 465 US 798, 823, n. 32, 72 L Ed 2d 572, 102 S Ct 2157: "[A] warrant issued by a magistrate **NORMALLY SUFFICES** to establish" that a law enforcement officer has "**ACTED IN GOOD FAITH IN CONDUCTING THE SEARCH.**" Neberless, the **WARRANT MAY BE INVALIDATED BECAUSE OF A TECHNICAL DEFECT...TO ISSUE SEARCH WARRANTS, AN INDIVIDUAL MUST BE CAPABLE OF MAKING THE PROBABLE CAUSE JUDGEMENTS INVOLVED...**

**IN ANY EVENT,** I (JUSTICE STEVENS) **WOULD APPLY THE EXCLUSIONARY RULE WHEN IT IS PLAINLY EVIDENT THAT A MAGISTRATE OR JUDGE "HAD NO BUSINESS ISSUING A WARRANT."** See, AGUILAR v TEXAS, 378 US 108, 12 L Ed 2d 723, 84 S Ct 1509 (1964); NATHANSON v US, 290 US 41, 78 L Ed 159, 54 S Ct 11 (1933). Similarly, the good faith exception **WOULD NOT APPLY IF THE MATERIAL PRESENTED TO THE MAGISTRATE OR JUDGE "IS FALSE OR MISLEADING,"** FRANKS v DELAWARE, 438 US 154, 57 L Ed 2d 667, 98 S Ct 2674 (1978), **OR SO CLAERLY LACKING IN PROBABLE CAUSE THAT NO WELL – TRAINED OFFICER COULD REASONABLY HAVE THOUGHT THAT A WARRANT COULD ISSUE.** GATES, supra at 263-264 Id.. Consider the ARGUMENTS PRESENTED TO THE SECOND DISTRICT COURT OF APPEALS IN RELATOR'S BRIEF ON REMAND INCLUDING ADDENDUM TO STATE'S BRIEF ON REMAND.

This was a clear ABUSE OF DISCRETION TO CONCEAL AND IGNORE THIS MATERIAL FACT THAT THE PRO-TEM MUNICIPAL COURT JUDGE WENT BEYOND THE JURISDICTION OF SAID COURT ISSUING A SEARCH WARRANT IN A CRIMINAL OFFENSE THAT CONSIST OF CONFINEMENT IN JAIL AND/OR IMPRISONMENT, VIOLATING (TECHNICALLY) TEX. CODE CRIM. PROC. ART. § 4.14, specifying MUNICIPAL COURT JURISDICTION.

The MATERIAL PRESENTED to the MAGISTRATE was at the very least MISLEADING with the inclusion of the DOG – SNIFF for corroboration of the informants tip. Furthermore, the MAGISTRATE **"HAD NO BUSINESS ISSUING A WARRANT,"** as it was beyond the MAGISTRATE'S JURISDICTION AND PLAINLY EVIDENT FROM TEX. CODE CRIM. PROC. ART. § 4.14.

C. The ABUSE OF DISCRETION to enter into A CONSPIRACY TO CONCEAL AND IGNORE MATERIAL FACTS OF THE UNITED STATES SUPREME COURT'S BINDING PRECEDENT in cases as follow:

KYLLO v US, 533 US 27, 150 L Ed 2d 94, 121 S Ct 2038 was argued FEBRUARY 20, 2001 and DECIDE JUNE 11, 2001. FURTHERMORE, it was cited and discussed in FLORIDA v JARDINES 569 US ___, 133 S Ct 1409, 185 L Ed 2d 495, 81 USLW 4209, NO. 11-564, writ of certiorari,

## VI
## ABUSE OF DISCRETION
## CONSPIRACY TO CONCEAL / IGNORE MATERIAL FACTS
## U.S. SUPREME COURT PRECEDENT

ARGUED OCTOBER 31, 2012 - DECIDED MARCH 26, 2013.

The STATE ADJUDICATION AS AFFIRMED BY THE SECOND DISTRICT COURT OF APPEALS is contrary to clearly established FEDERAL LAW as determined by the SUPREME COURT OF THE UNITED STATES, and has involved an unreasonable application of clearly established FEDERAL LAW as determined by said SUPREME COURT. This decision by the SECOND DISTRICT COURT OF APPEALS is contrary to FEDERAL PRECEDENT as it has applied a rule that contradicts the GOVERNING LAW SET FORTH BY THE UNITED STATES SUPREME COURT in the KYLLO case, supra, Id., and discussed as a determining case of the more recent JARDINES case, supra, Id.,thereby, arriving at a result different from the SUPREME COURT PRECEDENT. (citings, herein at IV., FEDERAL PRECEDENT [LAW] at pgs. 8 - 9).

Specifically, as cited in JARDINES, supra, decided UNDER PROPERTY RIGHTS, the KYLLO CASE, supra, decided UNDER PRIVACY RIGHTS, governs the case of RIVAS v STATE, NO.(S) 02-12-00062-CR & 02-12-00063-CR, SECOND DISTRICT COURT OF APPEALS JUDGEMENT ON REMAND RE - AFFIRMED (RIVAS II), HOWEVER, has chose to CONCEAL AND IGNORE these MATERIAL FACTS ESTABLISHED THROUGH UNITED STATES SUPREME COURT PRECEDENT, thereby considered AN ABUSE OF DISCRETION, and UNDER FEDERAL LAW, A CONSPIRACY TO DO SO, AS RIVAS II RE - AFFIRMED.

IN KYLLO, supra, the SUPREME COURT **DECIDED ON JUNE 11, 2001**, as KYLLO lived in a TRIPLEX UNIT (MULTI FAMILY UNITS), HIS HOME, the **COURT HELD** that POLICE OFFICERS **CONDUCTED A SEARCH** WHEN THEY USED A THERMAL-IMAGING DEVICE TO DETECT HEAT EMENATING FROM A PRIVATE HOME, even though they **COMMITTED NO TRESPASS.** HIGHLITING THE SUPREME COURT'S INTENTION **TO DRAW BOTH A "FIRM" AND A "BRIGHT"LINE AT "THE ENTRANCE TO THE HOUSE,"** KYLLO, supra, Id. at 40. The SUPREME COURT ANNOUNCED THE FOLLOWING **RULE:**

"Where, as here, the Government uses a devise that is **NOT IN GENERAL PUBLIC USE, TO EXPLORE DETAILS OF THE HOME THAT WOULD PREVIOUSLY HAVE BEEN UNKNOWABLE WITHOUT PHYSICAL INTRUSION, THE SURVEILLANCE IS A 'SEARCH' AND IS PRESUMPTIVELY UNREASONABLE WITHOUT WARRANT."** Ibid.

The STATE has argued, and the SECOND DISTRICT COURT OF APPEALS has RULED IN **ROMO v STATE**, 315 SW 3d 565, 573-574 (Tex App - Fort Worth 2010, pet. ref'd) and concluded that canine sniffs of a garage door and backyard fence **WERE NOT SEARCHES UNDER THE FOURTH AMENDMENT OR THE TEXAS CONSTITUTION** because the dog sniffed areas that were **NOT PROTECTED FROM OBSERVATION** by passerby **AND BECAUSE THE DEFENDANT HAD NO REASONABLE EXPECTATION OF PRIVACY IN THE ODOR OF MARIJUANA COMING FROM HIS BACKYARD.**

In its original opinion in the instant case, the SECOND DISTRICT COURT OF APPEALS cited **ROMO** for the **PROPOSITION THAT A DRUG DETECTION DOG'S SNIFF OF THE FRONT DOOR OF A DEFENDANT'S HOME IS NOT A SEARCH BECAUSE THERE IS NO REASONABLE EXPECTATION OF PRIVACY**

**IN THE AREA AROUND AN UNENCLOSED FRONT DOOR.** See RIVAS v STATE (RIVAS II), 2013 WL 978911 at *1; Also, STATES BRIEF ON REMAND at pg. 20 Id..

The STATE BRIEFS the SECOND DISTRICT COURT OF APPEALS with a substantial body of case law that a canine sniff is not a search, however, this is an UNREASONABLE APPLICATION OF THE CORRECT LEGAL RULE **TO THE FACTS OF THE PARTICULAR CASE.** The case law used pertains to incidents that have little to NO EXPECTATION OF PRIVACY, ESPECIALLY WITH AUTOMOBILES, PUBLIC TRANSIT, UNDER STATUTES THAT ARE CONSTITUTIONAL AT TIME OF WARRANTLESS SEARCH, ETC.. (See ORIGINAL STATE BRIEF; STATE BRIEF ON PDR; STATE BRIEF ON REMAND; and, SECOND DISTRICT COURT OF APPEALS OPINIONS ALL)(Compare, RELATOR'S ORIGINAL APPEAL; PETITION FOR DISCRETIONARY REVIEW; ADDENDUMS; and BRIEF ON DISCRETIONARY REVIEW / REMAND) Id. The STATE and THE SECOND DISTRICT COURT OF APPEALS absolutely **UNREASONABLY REFUSE TO EXTEND THE KYLLO / KATZ / SEGURA / WONG SUN PRINCIPLE TO THIS NEW CONTEXT OF RIVAS II WHERE IT SHOULD APPLY AS DISCUSSED BY JARDINES JUSTICES IN CONCURRING OPINION, ESPECIALLY, JUSTICE(S) KAGAN, GINSBURG AND SOTOMAYOR, SPECIFYING, "KYLLO, WITHOUT TRESPASS, HAD ALREADY RESOLVED JARDINES ON PRIVACY GROUNDS. WHERE AS HERE (RIVAS II) THE GOVERNMENT USES A DEVISE THAT IS NOT IN GENERAL PUBLIC USE, TO EXPLORE DETAILS OF THE HOME THAT WOULD PREVIOUSLY HAVE BEEN UNKNOWABLE WITHOUT PHYSICAL INTRUSION, THE SURVEILLANCE IS A 'SEARCH' AND IS PRESUMPTIVELY UNREASONABLE WITHOUT A WARRANT."** Id. at pg. 13 herein, KYLLO.

The TEXAS COURT OF CRIMINAL APPEALS (RIVAS II, NO.(S) PD-0490-13 & PD-0491-13, Per curiam, Opinion) in pertenent part specified: "APPELLANT WAS CHARGED WITH TWO COUNTS OF POSSESSION OF A CONTROLLED SUBSTANCE WITH THE INTENT TO DELIVER. **A DOG SNIFF AT HIS FRONT DOOR LED TO THE CHARGES AGAINST HIM.."** Id. Thus, **THE DOG SNIFF AT RELATOR'S (RIVAS') FRONT DOOR "PROVIDED THE INFORMATION USED TO OBTAIN THE SEARCH WARRANT AND IS WHOLLY CONNECTED TO THE INFORMATION UNCOVERED DURING THE EARLIER, INVALID SEARCH," OR ILLEGAL SEARCH PRIOR TO WARRANT ISSUANCE.** See STATE v DAUGHERTY, 931 SW 2d 268, 283 n.*4, (Tex. Crim. App. 1996)(acknowledging: "We also note THE SUPREME COURT HAS HELD EVIDENCE FOUND pursuant to an execution of a valid search warrant is admissable 'PROVIDED THE **INFORMATION USED TO OBTAIN THE WARRANT IS WHOLLY UNCONNECTED' TO INFORMATION UNCOVERED 'DURING AN EARLIER, INVALID SEARCH.'"** See, SUPREME COURT PRECEDENT CITINGS, herein at III., TEXAS LAW, pg. 7, n. *2, STATE v DAUGHERTY, Id.). A **CLEAR AND ABSOLUTE VIOLATION OF THE FOURTH AMENDMENT REQUIRING EXCLUSION OF EVIDENCE UNDER, BOTH, THE FOURTH AMENDMENT AND THE TEXAS ADOPTED STATUTORY EXCLUSIONARY RULE, TEX CODE CRIM PROC ART 38.23.** See, herein at, V. EXCLUSIONARY RULE, B. TEXAS CASE LAW, pg 10 - 11, Id..

CONCLUSION

The COURT OF CRIMINAL APPEALS properly applied the correct rule of law in this case through the ORIGINAL PER CURIAM OPINION that VACATED AND REMANDED this case to the SECOND DISTRICT COURT OF APPEALS, specifically stating, "...A dog sniff at his (RELATOR'S) front door led to the charges against him..." Id. at Per Curiam Opinion Order, NO.(S) PD-0490-13 & PD-0491-13.

RELATOR again, (herein) BRIEFS THE COURT OF CRIMINAL APPEALS OF TEXAS through the background, case discussion, Texas Law,Federal Precedent, Exclusionary Rule, Abuse of Discretion, Conspiracy to Conceal / Ignore Material Facts of the United States Supreme Court  Binding Precedent which apply in this Case of RIVAS I & II.

RELATOR'S CASE comes under the jurisdiction of the KYLLO SUPREME COURT as has been conceded by this RELATOR through this entire appeal process. KYLLO was argued, FEBRUARY 20, 2001, and decided, JUNE 11, 2001, the fact that the SECOND DISTRICT COURT OF APPEALS chooses to ignore the fact that under KYLLO, "A DRUG - DETECTION DOG'S SNIFF OF THE FRONT DOOR OF A DEFENDANT'S HOME IS [IL]LEGAL BECAUSE THERE IS [A] REASONABLE EXPECTATION OF PRIVACY...." (See, ROMO v STATE, 315 SW 3d 565, 573; RODRIGUEZ v STATE, 106 SW 3d 224, 228-29), "...EVEN THOUGH THEY COMMITTED NO TRESPASS. HIGHLIGHTING, OR INTENTION TO, DRAW BOTH A 'FIRM AND A BRIGHT LINE AT THE ENTRANCE TO THE HOUSE.'" KYLLO, supra Id.at 40. The **UNITED STATES SUPREME COURT ANNOUNCED THE FOLLOWING RULE:** WHERE, (AS HERE, ROMO, RODRIGUEZ, AND RIVAS I & II) THE GOVERNMENT USES A DEVICE THAT IS NOT IN GENERAL PUBLIC USE, TO EXPLORE DETAILS OF THE HOME (WHETHER, TRIPLEX, DUPLEX, APARTMENT, ETC.) THAT WOULD PREVIOUSLY HAVE BEEN UNKNOWABLE WITHOUT PHYSICAL INTRUSION, THE SURVEILLANCE **'IS A SEARCH' AND PRESUMPTIVELY UNREASONABLE WITHOUT A WARRANT."** Ibid.(See also, II. Case Discussion, pgs. 2 - 5, herein Id.) Confirmed in JARDINES, by CONCURRING JUSTICES. Id.

It is clear in RIVAS that the officers where in violation of the UNITED STATES CONSTITUTIONAL FOURTH AMENDMENT AND TEXAS CONSTITUTION ART. I, § 9 with the adopted STATUTORY EXCLUSIONARY RULE, TEXAS CODE CRIMINAL PROCEDURE ART. 38.23, and EXCLUSION OF EVIDENCE WAS TO BE APPLIED EVEN IF, NOT THAT RELATOR CONCEDES, THE SECOND DISTRICT COURT OF APPEALS WAS LAWFULLY CAPABLE OF DETERMINING WHETHER PROBABLE CAUSE EXISTED IN THE REMAINDER OF THE SEARCH AFTER OMITTION OF THE DOG - SNIFF, THE COURT OF CRIMINAL APPEALS HAS ACKNOWLEDGED, IN DAUGHERTY, "Provided the information used to obtain the warrant **IS WHOLLY UNCONNECTED** to **INFORMATION UNCOVERED DURING EARLIER, INVALID SEARCH."** See herein at pg. 7, n. 2, Id. The officers obtained a SEARCH WARRANT AFTER, NOT UNTIL, THE DOG - SNIFF, AND "BASED ON A DRUG-SNIFFING DOG'S ALERT TO RIVAS' FRONT DOOR ON THE SAME DAY THAT THE WARRANT WAS OBTAINED AND EXCUTED," the SECOND DISTRICT COURT OF APPEALS AFFIRMED RIVAS, DETERMINING MAGISTRATE HAD SUBSTANTIAL BASIS, AS SAID, FOR PROBABLE CAUSE. See, Second District Court of Appeals, Per Curiam Opinion, September 25, 2014, pg. 2 Id.

The EXCLUSIONARY DETERRENT is applicable and past due in this JUDICIAL SYSTEM. Id.

15

RELATOR PRAYS, after due consideration of the facts throughout this entire appeal process and documentation submitted throughout said process, the COURT OF CRIMINAL APPEALS will once again make the RIGHT - RULING to: not only overturn the conviction due to the FOURTH AMENDMENT VIOLATION, but to order the exoneration due to unlawful search and seizure, thereby no evidence for conviction or revocation of defered adjudication; order defered adjudication granted for time served on present case; order of actual innocence due to FOURTH AMENDMENT VIOLATION, thereby no evidence to convict; JUDICIALLY ACKNOWLEDGE THE KYLLO CASE for any DRUG - SNIFFING DOG CASES OF HOMES, AND HAS NOT HAD A SEARCH WARRANT ISSUANCE TO UTILIZE SAID DOG IN THE SEARCH AS UNLAWFUL SEARCHES, THEREBY OVERTURNING SAID CASES FOR ILLEGAL SEARCH AND SEIZURE WITHOUT WARRANT in violation of UNITED STATES FOURTH AMENDMENT AND TEXAS ARTICLE I, § 9, of said CONSTITUTIONS; and utilize TEXAS CODE CRIMINAL PROCEDURE ART. 38.23 for said violation of UNITED STATES AND TEXAS CONSTITUTIONS.

RELATOR FURTHER PRAYS, THE COURT OF CRIMINAL APPEALS, to consider the DETERENT EFFECT OF THE EXCLUSIONARY RULE AND THEREBY APPLY KYLLO TO DRUG - SNIFFING DOG SEARCH AND SEIZURES WITHOUT PRIOR SEARCH WARRANT AS UNREASONABLE TO DETER ALL PRIOR AND ALL FUTURE FOURTH AMENDMENT VIOLATIONS IN THE STATE OF TEXAS JUDICIAL SYSTEM.

To DENY WITHOUT WRITTEN ORDER in this case is to enter into the CONSPIRACY TO CONCEAL AND IGNORE STATE AND FEDERAL PRECEDENT as presented in the attached AFFIDAVIT brought before the TEXAS STATE ATTORNEY GENERALS OFFICE for consideration as presented.

IN FINALITY, the COURT OF CRIMINAL APPEALS should further consider that the warrant as issued in this case, beyond the jurisdiction of the MUNICIPLE COURT PRO-TEM JUDGE, was in violation of TEXAS CODE CRIMINAL PROCEDURE ART. § 4.14, unlawfully issued, executed and of no force or effect as was briefed to the SECOND DISTRICT COURT OF APPEALS to no avail, THEREBY ABUSING DISCRETION IN RE-AFFIRMING THIS CASE.

RESPECTFULLY,

GERARDO TOMAS RIVAS #01766735
POWLEDGE UNIT T/C N-64
1400 FM 3452
PALESTINE, TEXAS 75803 - 2350

16

IN THE MATTER OF:
CRIMINAL DISTRICT COURT NO. 4
TARRANT COUNTY, NO.(S) 1215971D &
1215973D, JUDGEMENT & SENTENCE;
SECOND DISTRICT COURT OF APPEALS
NO.(S) 02-12-00062-CR & 02-12-00063-CR
JUDGEMENT ON REMAND AFFIRMED; &
TEXAS COURT OF CRIMINAL APPEALS
NO.(S) PD-0490-13 & PD-0491-13
VACATED & REMANDED FOR RECONSIDERATION

**RECEIVED** DATE: _July 20, 2015_

**JUL 2 7 2015**

COURT OF APPEALS
SECOND DISTRICT OF TEXAS
DEBRA SPISAK, CLERK

OFFICE OF THE TEXAS ATTORNEY
GENERAL, AUSTIN, TEXAS

GERARDO TOMAS RIVAS #01766735

v.

THE STATE OF TEXAS

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| THE STATE OF TEXAS | § | | § | | § | | § | | § |
| COUNTY OF ANDERSON | § | | § | | § | | § | | § |

AFFIDAVIT COMPLAINING OF:

CONSPIRACY TO CONCEAL AND IGNORE STATE AND FEDERAL LAW PRECEDENT
TO UNLAWFULLY CONVICT AND CONFINE AFFIANT

My name is GERARDO TOMAS RIVAS, TDCJ-ID NO. 01766735, AFFIANT PRO-SE for the matters as listed above and deposed herein, currently confined in the TDCJ-ID POWLEDGE UNIT T/C, Dorm N, Bunk 64, located at 1400 FM 3452, ANDERSON COUNTY, PALESTINE, TEXAS 75803-2350.

AFFIANT is:

1) A UNITED STATES citizen born in SAN ANTONIO, TEXAS on 05/03/65, current age 50;

2) Capable to accurately perceive, recall, recount, the facts based on personal knowledge as said facts are true and correct; and,

3) Competent to testify to the matters of fact.

AFFIANT files this AFFIDAVIT COMPLAINING OF:

A "CONSPIRACY TO CONCEAL AND IGNORE STATE AND FEDERAL LAW PRECEDENT," particularly, STATE LAW: TEXAS CODE CRIMINAL PROCEDURE ARTICLE § 4.14, JURISDICTION OF MUNICIPAL COURT; CASE LAW: STATE v DAUGHERTY, 931 SW 2d 268, 283 (Tex. Crim. App. 1996); and, KYLLO v UNITED STATES, 533 US 27, 121 S Ct 2038, 150 L Ed 2d 94, NO. 99-8508, ARGUED FEBRUARY 20, 2001, DECIDED JUNE 11, 2001, UNDER PRIVACY GROUNDS, and CONCURRED as such by 3 SUPREME COURT JUSTICES, specifically, JUSTICE KAGAN, JUSTICE GINSBURG, AND JUSTICE SOTOMAYOR enjoined in FLORIDA v JARDINES, 569 US ___, 133 S Ct 1409, 185 L Ed 2d 495, 81 USLW 4209, NO. 11-564, writ of certiorari, DELIVERED MARCH 26, 2013, DECIDED UNDER PROPERTY GROUNDS; and, EXCLUSIONARY RULE REFUSAL: For the POLICE SEARCH AND SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT, ARTICLE I, § 9 of the TEXAS CONSTITUTION with adopted STATUTORY EXCLUSIONARY RULE, TEXAS CODE CRIMINAL PROCEDURE ARTICLE § 38.23, as conceded by THE COURT OF CRIMINAL APPEALS, PER CURIAM, OPINION, stating, "A DOG SNIFF AT HIS FRONT DOOR LED TO THE CHARGES AGAINST HIM;" Thereby, "TO UNLAWFULLY CONVICT AND CONFINE AFFIANT," inter-alia, discussed in the BRIEFS, ADDENDUMS, etc. supplied the COURT'S in this entire APPEAL PROCESS. When properly applied calls for EVIDENCE EXCLUSION.

1

17

AFFIANT deposes:

AFFIANT asserts the TARRANT COUNTY DISTRICT ATTORNEY, CRIMINAL DISTRICT COURT NO. 4, and THE SECOND DISTRICT COURT OF APPEALS (HEREIN, JUDICIAL SYSTEM), as the record indicates, are intentionally, knowingly, and/or recklessly undermining the STATE AND FEDERAL PRECEDENTED RULE OF LAW, not only to the point of AN ABUSE OF DISCRETION, but too the ENJOINING OF A CONSPIRACY TO CONCEAL AND IGNORE STATE AND FEDERAL LAW PRECEDENT, CONSTITUTING A SERIOUS LEGAL COLLATERAL CONSEQUENCE TO THE POINT OF AN UNLAWFUL, ILLEGAL, AND VOID SENTENCE AND CONVICTION UNLAWFULLY RESTRAINING THIS AFFIANT.

AFFIANT asserts this intentional, known, and/or reckless ignorance is conceived in a manner that involves SUBSTANTIAL RISK OF AFFIANT'S LIBERTY. This collation of circumstances inferred from the concert actions among the alleged participants listed above (JUDICIAL SYSTEM) is sufficient circumstantial evidence, under FEDERAL LAW, to prove an existance of the conspiracy to deny this AFFIANT'S LIBERTY (See, 18 USCA § 371; also, US v THON, 917 F 2d 170, Id.).

AFFIANT asserts THE COURT OF CRIMINAL APPEALS in the PER CURIAM, OPINION, DELIVERED OCTOBER 23, 2013, granted a RIGHT RULING within the STATE AND FEDERAL LAW PRECEDENT by RIGHTFULLY ACKNOWLEDGING: "...A dog sniff at his (AFFIANT'S) front door led to the charges against him..." and, "The (SECOND DISTRICT) COURT OF APPEALS did not have the **BENEFIT OF JARDINES**. Accordingly, we grant Appellant's (AFFIANT'S) petitions for discretionary review, VACATE the judgements of the COURT OF APPEALS, and REMAND these cases to the COURT OF APPEALS **'IN LIGHT OF JARDINES.'"** The COURT OF CRIMINAL APPEALS CONCEDED: "...Appellant (AFFIANT) has filed petitions for discretionary review **ARGUING** that the (SECOND DISTRICT) COURT OF APPEALS **ERRED UNDER THE SUPREME COURT'S RECENT OPINION 'IN'** FLA. v JARDINES, ___ US___, 133 S Ct 1409 (2013)..." The RECENT OPINION **"IN"** FLA. v JARDINES, that this AFFIANT WAS AND HAS **ARGUED** in this entire APPEAL PROCESS has been a CASE ARGUED FEBRUARY 20, 2001, DECIDED JUNE 11, 2001, was a CONCURRED OPINION BY 3 SUPREME COURT JUSTICES, **"IN JARDINES,"** specifically, JUSTICES, KAGAN, GINSBURG, and SOTOMAYOR citing that KYLLO v UNITED STATES, 533 US 27, 121 S Ct 2038, 150 L Ed 2d 94, NO. 99-8508, enjoined:

FLORIDA v JARDINES, KAGAN, J, concurring, cited as 569 US ___ (2013) 1 - 4, and specifically; "...It is not suprising that in a case involving a search of a home, **PROPERTY CONCEPTS AND PRIVACY CONCEPTS SHOULD SO ALIGN.** The LAW OF PROPERTY "naturally enough enfluence[s]" our "shared social expectations" of what places should be free from governmental excursions. GEORGE v RANDOLPH, 547 US 103, 111 (2006); see RAKAS v ILLINIOS, 439 US 128, 143, n. 12 (1978). And so the sentiment "my home is my own," while originating in PROPERTY LAW, NOW ALSO DENOTES A COMMON UNDERSTANDING - EXTENDING EVEN BEYOND THAT LAW'S FORMAL PROTECTIONS - ABOUT AN ESPECIALLY PRIVATE SPHERE. JARDINES' home was his PROPERTY; **IT WAS ALSO HIS MOST INTIMATE AND FAMILIAR SPACE.** The analysis proceeding from each of those facts, as today's decision reveals, runs mostly along the

2

*18*

same path.

"I CAN THINK OF ONLY ONE DIVERGENCE: IF WE HAD DECIDED THIS CASE (JARDINES) ON PRIVACY GROUNDS, WE WOULD HAVE REALIZED THAT KYLLO v UNITED STATES, 533 US 27 (2001), ALREADY RESOLVED IT. The KYLLO COURT HELD that POLICE OFFICERS CONDUCTED A SEARCH when they USED A THERMAL-IMAGING DEVICE TO DETECT HEAT EMANATING FROM A PRIVATE HOME (A MULTI-FAMILY RESIDENCE, SPECIFICALLY, A TRIPLEX), EVEN THOUGH THEY COMMITTED NO TRESPASS. HIGHLIGHTING OUR INTENTION TO DRAW BOTH A "FIRM" AND A "BRIGHT" LINE AT "THE ENTRANCE TO THE HOUSE," Id., at 40, WE ANNOUNCED THE FOLLOWING RULE:

"WHERE, AS HERE (AFFIANT'S CASES INCLUDED), THE GOVERNMENT USES A DEVICE that is NOT IN GENERAL PUBLIC USE, TO EXPLORE DETAILS OF THE HOME THAT WOULD PREVIOUSLY HAVE BEEN UNKNOWABLE WITHOUT PHYSICAL INTRUSION, THE SURVEILLANCE IS A 'SEARCH' AND PRESUMPTIVELY UNREASONABLE WITHOUT A WARRANT." Ibid.

"That 'FIRM' and 'BRIGHT' RULE GOVERNS THIS CASE (EXPLAINING PRECISELY AFFIANT'S ASSERTIONS, SPECIFICALLY): The POLICE OFFICERS here conducted a search because they used a 'device...not in general public use' (A TRAINED DRUG DETECTION DOG) to 'explore details of the home' (THE PRESENCE OF CERTAIN SUBSTANCES) that they would not otherwise have discovered without entering the premises." JARDINES, supra, CONCURRING SUPREME COURT JUSTICES, Ibid; emphasis throughout AFFIANT'S.

AFFIANT has established both, STANDING AND AUTOMATIC STANDING, to have the JUDICIAL SYSTEM "DETERMINE WHETHER THE NON-PHYSICAL INTRUSION CONSTITUTED A 'SEARCH' UNDER THE 'KATZ REASONABLE EXPECTATION OF PRIVACY.'" KATZ v US, 389 US 347, 88 S Ct 507, 19 L Ed 2d (1967). By reason of this SUPREME COURT decision here, PROPERTY RIGHTS "ARE NOT THE SOLE MEASURE OF THE FOURTH AMENDMENT VIOLATIONS,"SOLDAL v COOK COUNTY, 560 US 56, 64 (1992) - KYLLO, supra, has too, as concurred in JARDINES, supra, shown that FOURTH AMENDMENT VIOLATIONS through PRIVACY RIGHTS take FEDERAL PRECEDENT that the named JUDICIAL SYSTEM UNREASONABLY REFUSES TO EXTEND THAT PRINCIPLE TO THIS NEW CONTEXT WHERE IT DOES APPLY AND IS OBJECTIVELY UNREASONABLE, WILLIAMS, 529 US at 409, 411, Id. - but though KATZ may add to the baseline, it does not subtract anything from the AMENDMENT'S PROTECTIONS "when the GOVERNMENT does engage in [a] physical intrusion of a CONSTITUTIONALLY PROTECTED AREA," US v KNOTTS, 460 US 276, 289 (1983)(Brennan, J., concurring in the judgement).

AFFIANT asserts, KYLLO supra, established, living in a TRIPLEX, a multi-family residence, much like AFFIANT'S APARTMENT, that the "NON-PHYSICAL INTRUSION WAS A 'SEARCH' AND IS PRESUMPTIVELY UNREASONABLE WITHOUT A WARRANT," as conducted on AFFIANT'S APARTMENT "PRIOR TO 'ANY WARRANT ISSUANCE, HAVING NO EXIGENT CIRCUMSTANCES, CROSSING THAT FIRM AND BRIGHT LINE AT THE ENTRANCE OF AFFIANT'S HOME,' then using the INFORMATION UNCOVERED TO PROCURE A SEARCH WARRANT FROM A 'MUNICIPAL COURT PRO-TEM JUDGE, WITH QUESTIONABLE JURISDICTION FOR ISSUANCE.'" See, attached MANDAMUS at pg. 7, D., Id..

Under TEXAS LAW, TEXAS CODE CRIMINAL PROCEDURE ARTICLE §4.14, JURISDICTION OF MUNICIPAL COURT, the MUNICIPAL COURT PRO-TEM JUDGE'S authority extends only to the relatively straightforward task of issuing arrest warrants for breach of municipal ordinances. To issue SEARCH WARRANTS, an individual must be capable of making the PROBABLE CAUSE JUDGEMENTS INVOLVED. As JUSTICE STEVENS put in writing for the Court in U.S. v ROSS, 465 US 798, 823, n. 32, 72 L Ed 2d 572, 102 S Ct 2157; citing SHADWICK v CITY OF TAMPA, 407 US 345, 32 L Ed 2d 783, 92 S Ct 2219 (1972); as cited in ILLINIOS v GATES, 462 US 213, 262.

JUSTICE STEVENS continues, I would apply the EXCLUSIONARY RULE when it is plainly evident that a MAGISTRATE or JUDGE **HAD NO BUSINESS ISSUING A WARRANT.** See, AGUILAR v TEXAS, 378 US 108, 12 L Ed 2d 723, 84 S Ct 1509 (1964); NATHANSON v US, 290 US 41, 78 L Ed 159, 54 S Ct 11 (1933). Similarly, the good faith exception would not apply if the **MATERIAL PRESENTED** to the **MAGISTRATE OR JUDGE "IS FALSE OR MISLEADING,"** FRANKS v DELAWARE, 438 US 154, 57 L Ed 2d 667, 98 S Ct 2674 (1978);...; GATES, supra, 263-264, Id..

In STATE v DAUGHERTY, 931 SW 2d 268, 283, n. 4 (Tex Crim App 1996), the TEXAS COURT OF CRIMINAL APPEALS, ACKNOWLEDGES;

"We also NOTE THE SUPREME COURT has held EVIDENCE FOUND PURSUANT TO AN EXECUTION OF A VALID SEARCH WARRANT IS ADMISSABLE 'PROVIDED THE INFORMATION USED TO OBTAIN THE WARRANT IS WHOLLY UNCONNECTED' TO INFORMATION UNCOVERED 'DURING AN EARLIER, INVALID SEARCH.'" citing, SEGURA v US, 468 US 796, 104 S Ct 3380, 82 L Ed 2d 599 (1984); MURRY v US, 487 US 533, 108 S Ct 2529, 101 L Ed 2d 472 (1988)( citing, NIX v WILLIAMS, 467 US 431, 104 S Ct 2501, 81 L Ed 2d 377 (1984), Id.

In WONG SUN v US, 371 US 471, 83 S Ct 407, 9 L Ed 2d 441 (1963), the UNITED STATES SUPREME COURT, RULED:

"Where PROBABLE CAUSE for **SEARCH OR ARREST** is established by **PRIOR ILLEGAL SEARCH OR ARREST**, then the same will be **TAINTED THEREBY** and **THE FRUITS THEREOF SUPPRESSED,** therefore, **NOT ONLY IS 'ANY EVIDENCE OBTAINED THEREBY INADMISSABLE'** as the **RESULT OR EXPLOITATION OF THAT PRIMARY ILLEGALITY IT IS AS WELL INADMISSABLE AS 'FRUITS OF THE POISONOUS TREE.'"** Id.

The MANDAMUS, attached at pgs. 2 - 7, clearly establish that THE JUDICIAL SYSTEM, complained of herein, first, HAD NO BUSINESS ISSUING A WARRANT AND THE MATERIAL PRESENTED WAS CLEARLY MISLEADING AS "DOG SNIFF WAS USED AS CONSIDERATION FOR PROBABLE CAUSE;" second, THE DOG-SNIFF INFORMATION USED TO OBTAIN THE WARRANT WAS WHOLLY CONNECTED TO THE INFORMATION UNCOVERED DURING THE EARLIER, INVALID SEARCH; and, the PROBABLE CAUSE FOR SEARCH AND ARREST OF AFFIANT WAS ESTABLISHED BY THE PRIOR ILLEGAL SEARCH BY THE DOG-SNIFF; THEREFORE, **NOT ONLY IS ANY EVIDENCE THEREBY INADMISSABLE AS THE RESULT OR EXPLOITATION OF THAT PRIMARY ILLEGALITY IT IS AS WELL INADMISSABLE AS FRUITS OF THE POISONOUS TREE.**

4

20

The STATE was relieved of establishing that the arrest was reasonable. See, OURSBOURN v STATE, 228 SW 3d 65, 70 (Tex App – Houston [1st Dist] 2009, no pet)(finding egregious harm on remand because STATE was relieved of burden of establishing voluntariness of statement). The TRIAL COURT JUDGE was aware of the effect of an unlawful/illegal seizure and aware that any evidence obtained as a result of an unlawful/illegal seizure could not be considered for any purpose. Evidence TAINTED BY UNLAWFUL POLICE ACTION is **TRADITIONALLY BARRED AS FRUITS OF THE POISONOUS TREE.** See, SEGURA v UNITED STATES, 368 US 796, 804 (1984); WONG SUN v UNITED STATES, 371 US 471 (1963). Assuming the arrest was illegal, there is a CLEAR AND CASUAL CONNECTION BETWEEN THE ARREST, AND THE ARREST AND DISCOVERY OF THE CHARGE. The STATE has failed to allege that THE DISCOVERY OF THE DRUGS WAS SUFFICIENTLY ATTENUATED FROM THE ALLEGED ILLEGAL SEARCH, SEIZURE, AND ARREST TO PURGE THE TAINT OF THE ALLEGED ILLEGAL ARREST, SEARCH AND SEIZURE. BROWN v ILLINIOS, 422 US 590 (1975); BELL v STATE, 724 SW 2d 780 (Tex Crim App 1986). The INTENTIONAL OMISSION of ARTICLE 38.23 CONSIDERATION not only vitally affects the defensive theory and PEOPLE as a result suffer egriegious harm, said omission fails to EXCLUDE EVIDENCE **"OBTAINED BY AN OFFICER OR OTHER PERSON IN VIOLATION OF 'ANY'** **PROVISIONS OF** THE CONSTITUTION OR LAWS OF THE STATE OF TEXAS, **OR OF** THE CONSTITUTION OR LAWS OF THE UNITED STATES," TEX CODE CRIM PROC ART 38.23, and truly applicable in AFFIANT'S CASES.

In THE KYLLO COURT THE UNITED STATES SUPREME COURT SAID, "We have said that the FOURTH AMENDMENT draws 'A FIRM LINE AT THE ENTRANCE TO THE HOUSE,' PAYTON, 445 US, at 590. That line, we think, MUST BE NOT ONLY FIRM BUT ALSO BRIGHT – which requires clear specification of those methods of surveillance that require a warrant. While it is certainly possible to conclude from the videotape of the thermal imaging that occurred in this case (KYLLO) that no 'significant' compromise of the homeowner's privacy has occurred, **WE MUST TAKE THE LONG VIEW, FROM THE ORIGINAL MEANING OF THE FOURTH AMENDMENT** **FORWARD.** 'The FOURTH AMENDMENT is to be **CONSTRUED IN THE LIGHT OF WHAT WAS DEEMED AN** **UNREASONABLE SEARCH AND SEIZURE WHEN IT WAS ADOPTED,** and in a manner which will conserve public interests as well as the interests and rights of individual citizens.' CARROLL v UNITED STATES, 267 US 132, 149 (1925).

AFFIANT ASSERTS, "Where the GOVERNMENT uses a device that is not in general public use ( A DRUG DETECTION DOG, WITHOUT WARRANT), to explore the home that would previously have been unknowable without physical intrusion, the surveillance **IS A ' SEARCH' AND IS** **PRESUMPTIVELY UNREASONABLE WITHOUT A WARRANT.** KYLLO, 533 US 27, 40 (2001) JARDINES, 569 US ___, slip op., at 3, II, and KAGAN J., concurring slip op., at 3 – 4."

In AFFIANT'S CASE, the warrantless canine sniff (A SENSE – ENHANCING TOOL) was conducted in violation of the **EXISTING UNITED STATES SUPREME COURT JUDICIAL PRECEDENT** **ESTABLISHED JUNE 11, 2001 IN KYLLO v UNITED STATES,** 533 US 27, 121 S Ct 2038, 150 L Ed

5

21

2d 94, **ON PRIVACY GROUNDS**; and now, FLORIDA v JARDINES, 569 US ___, 133 S Ct 1409, 185 L Ed 2d 495, 81 USLW 4209 (2013), **ON PROPERTY GROUNDS**, THEREFORE, **THE OFFICERS** may be properly charged with knowledge, **THAT THE SEARCH WAS UNCONSTITUTIONAL UNDER THE FOURTH AMENDMENT.** PELTIER, 422 US at 542. Furthermore, "in the sanctity of the home, **ALL** DETAILS ARE INTIMATE DETAILS. See e.g., UNITED STATES v KARO, 468 US 705; DOW CHEMICAL CO. v UNITED STATES, 467 US 227, 238, distinguished; see also, KYLLO, supra, at 28, Id.

AFFIANT ASSERTS, the JUDICIAL SYSTEM, herein, IN AN OBJECTIVELY UNREASONABLE MANNER has continually, REFUSED TO EXTEND THIS PRINCIPLE TO THIS NEW CONTEXT WHERE 3 SUPREME COURT JUSTICES CONCURRINGLY INSIST THAT IT APPLIES as specified in JARDINES, supra, Id. See, attached MANDAMUS at pg. 8, IV. FEDERAL PRECEDENTS (LAW).

The STATES BRIEF ON REMAND, at pgs. 8 - 9, f.n. 3, stating: "The record in the instant case is not sufficient to determine whether the area outside Appellant's (AFFIANT'S) apartment door was part of the curtilage." Id.

AFFIANT ASSERTS, OLIVER v UNITED STATES, 466 US 170 (1984), "We (THE UNITED STATES SUPREME COURT) therefore regard the area 'IMMEDIATELY SURROUNDING AND ASSOCIATED WITH THE HOME' - what **OUR CASES CALL THE CURTILAGE** - as 'PART OF THE HOME ITSELF FOR **FOURTH AMENDMENT PURPOSES.**'" OLIVER, supra, at 180.

"This AREA AROUND THE HOME IS **'INTIMATELY LINKED TO THE HOME, BOTH PHYSICALLY AND PSYCHOLOGICALLY,'** AND IS WHERE **'PRIVACY EXPECTATIONS ARE MOST HEIGHTENED.'**" CALIFORNIA v CIRAOLO, 476 US 207, 213 (1986).

"While BOUNDARIES OF THE CURTILAGE are generally **'CLEARLY MARKED,'** the **'CONCEPTION DEFINING THE CURTILAGE'** is at any rate FAMILIAR ENOUGH that it is **'EASILY UNDERSTOOD FROM OUR DAILY EXPERIENCE.'**" OLIVER, supra, at 182, n. 12.

HOWEVER, **THE DOOR OF THE RESIDENCE** IS CLEARLY THE ENTRANCE POINT TO THE HOME **AND THE CURTILAGE OF THE HOME WHERE "THE FOURTH AMENDMENT DRAWS A FIRM LINE AT THE ENTRANCE TO THE HOUSE,"** PAYTON, 455 US, at 590. **"THAT LINE,"** THE UNITED STATES SUPREME COURT THINKS, **"MUST BE NOT ONLY FIRM BUT ALSO BRIGHT** - WHICH REQUIRES CLEAR SPECIFICATION OF THOSE METHODS OF SURVEILLANCE **THAT REQUIRE A WARRANT.."** KYLLO, supra, at 40.

AFFIANT ASSERTS, THE COURT OF CRIMINAL APPEALS, PER CURIAM, OPINION, that states: "Appellant was charged with two counts of possession of a controlled substance with the intent to deliver. **A DOG SNIFF AT HIS FRONT DOOR LED TO THE CHARGES AGAINST HIM.."** VACATED AND REMANDED, OCTOBER 23, 2013, Id.

AFFIANT ASSERTS, KYLLO, SINCE JUNE 11, 2001, has ESTABLISHED THAT THE **"NON-PHYSICAL INTRUSION WAS A SEARCH AND IS PRESUMPTIVELY UNREASONABLE WITHOUT A WARRANT"** WHEN CONDUCTED ON **ANY** DUPLEX, APARTMENT, HOME, DWELLING, ETC., especially AFFIANT'S APARTMENT PRIOR TO ANY WARRANT ISSUANCE, HAVING NO EXIGENT CIRCUMSTANCES, **CROSSING BOTH A FIRM AND BRIGHT LINE AT THE ENTRANCE TO AFFIANT'S APARTMENT, THEREBY USING A DEVICE / TOOL... NOT IN PUBLIC USE** (KELEV, DRUG DOG) **TO EXPLORE DETAILS OF THE APARTMENT** (PRESENCE OF

6

22

CERTAIN SUBSTANCES) **THAT THE POLICE WOULD NOT OTHERWISE DISCOVER WITHOUT ENTERING THE PREMISES.** ( Explained in AFFIANT'S ADDENDUM TO RESPONSE OF TARRANT COUNTY DISTRICT ATTORNEY' LETTER dated Thursday, September 19, 2013, to AFFAINT'S PETITION FOR DESCRETIONARY REVIEW, at pgs. 3 & 4, citing JARDINES, KYLLO, KATZ, inter - alia, ADDENDUM, supra, Id.).

AFFIANT concedes, citing WONG SUN v US, 371 US 471, 83 S Ct 407, 9 L Ed 2d 441 (1963), "Where, as AFFIANT'S case, PROBABLE CAUSE for SEARCH OR ARREST is established by prior ILLEGAL SEARCH OR ARREST, then the same will be TAINTED thereby and the FRUITS THEREOF SUPPRESSED, therefore, not only is ANY EVIDENCE OBTAINED thereby INADMISSABLE as the RESULT OR EXPLOITATION of that PRIMARY ILLEGALITY is as well INADMISSABLE as **"FRUITS OF THE POISONOUS TREE."** The remainder of the SEARCH WARRANT is moot as well. Id.

AFFIANT ASSERTS, while a search conducted in objectively reasonable reliance on binding precedents is not subject to the FOURTH AMENDMENT'S EXCLUSIONARY RULE, in the present case, the WARRANTLESS CANINE SNIFF was conducted in DEFIANCE WITH THE EXISTING JUDICIAL PRECEDENT OF KYLLO v UNITED STATES, 533 US 27, 121 S Ct 2038, 150 L Ed 2d 94, decided on PRIVACY GROUNDS, a decision established since JUNE 11, 2001 and reaffirmed in FLORIDA v JARDINES, 569 US ___, 133 S Ct 1409, 185 L Ed 2d 495, 81 USLW 4209, No. 11-564, writ of certiorari, delivered MARCH 26, 2013, DECIDED UNDER PROPERTY GROUNDS. However, while JARDINES may not be applied RETROACTIVELY, KYLLO CLEARLY HAS BINDING PRECEDENTS FOR RELIANCE AS TO WARRANT ISSUANCE FOR CANINE SNIFF, ESPECIALLY, AS THE TEXAS COURT OF CRIMINAL APPEALS CONCEDES, "A dog sniff at his (AFFIANT'S) front door led to the charges against him (AFFIANT)."Per Curiam, opin. VACATE AND REMAND, delivered OCTOBER 23, 2013, NO.(S) PD-0490-13 & PD-0491-13. Id..

The UNITED STATE SUPREME COURT RULING IN KYLLO, supra takes precedents over; TEXAS COURT CASES OF: PORTER v STATE, 93 SW 3d 342, 346 (Tex App - Houston [14th Dist.] 2002, pet ref'd); RODRIQUEZ v STATE, 106 SW 3d 224, 228-229 (Tex App - Houston [1st Dist] 2003, no pet), cert denied, 540 US 1189 (2004); and MOST IMPORTANTLY, the SECOND DISTRICT COURT OF APPEALS issue as addressed in, ROMO v STATE, 315 SW 3d 565, 573-574 (Tex App - Fort Worth 2010, pet fef'd) which concluded that canine sniffs of a garage and backyard fence were not searches under the FOURTH AMENDMENT or the TEXAS CONSTITUTION **BECAUSE THE DOG SNIFFED AREAS THAT WERE NOT PROTECTED FROM OBSERVATION BY PASSERSBY AND BECAUSE THE DEFENDANT HAD NO REASONABLE EXPECTATION OF PRIVACY IN THE ODOR OF MARIJUANA COMING FROM HIS BACKYARD.** Id..

THE SECOND DISTRICT COURT OF APPEALS cited ROMO for the proposition that a DRUG DETECTION DOG'S SNIFF of the FRONT DOOR of DEFENDANT'S ( AFFIANT'S) HOME **IS NOT A SEARCH BECAUSE THERE IS NO REASONABLE EXPECTATION OF PRIVACY IN THE AREA AROUND AN UNENCLOSED FRONT DOOR.** See RIVAS v STATE, 2013 WL 978911 at *1.

Clearly KYLLO OVERRULES most of these cases, supra, and should be revisited by the TEXAS COURT OF CRIMINAL APPEALS DUE TO THE WARRANTLESS IMPERMISSABLE SEARCH AND SEIZURES.

7

23

AFFIANT CONCEDES the EXCLUSIONARY RULE "is a judicially created remedy designed to safeguard FOURTH AMENDMENT RIGHTS generally through its DETERRENT EFFECTS, rather than a personal CONSTITUTIONAL RIGHT of a party aggrieved." UNITED STATES v CALANDRA, 414 US 338, 348, 94 S Ct 613, 38 L Ed2d 561 (1974). The EXCLUSIONARY RULE'S sole purpose is to **DETER FUTURE FOURTH AMENDMENT VIOLATIONS**. UNITED STATES v LEON, 468 US 897, 909 n. 2, 104 S Ct 3405, 82 L Ed 2d 677 (1984), Id. Furthermore, applicability of THE EXCLUSIONARY RULE is limited to situations in which DETERRENCE is "thought most efficaciously served." CALANDRA, supra, 414 US at 348, Id. The ISSUE OF EXCLUSION is seperate from WHETHER A FOURTH AMENDMENT VIOLATION OCCURRED. ARIZONA v EVANS, 514 US 1, 13-14, 115 S Ct 1185, 131 L Ed 2d 34 (1995), Id.

AFFIANT CONCEDES the SUPREME COURT declared that "[w]hen the police exhibit "deliberate," "reckless," or "grossly negligent" DISREGARD FOR FOURTH AMENDMENT RIGHTS, the DETERRENT VALUE OF EXCLUSION IS STRONG and tends to outweigh the resulting costs. " DAVIS v UNITED STATES, ___ US ___, 131 S Ct 2419, 2427, 180 L Ed 2d 285 (2011), Id.

AFFIANT further concedes "if the purpose of the EXCLUSIONARY RULE IS TO DETER UNLAWFUL POLICE CONDUCT, then EVIDENCE OBTAINED FROM A SEARCH SHOULD BE SUPPRESSED ONLY if it can be said the LAW ENFORCEMENT OFFICER **HAD KNOWLEDGE, OR MAY PROPERLY BE CHARGED WITH KNOWLEDGE, THAT THE SEARCH WAS UNCONSTITUTIONAL UNDER THE FOURTH AMENDMENT.**" UNITED STATES v PELTIER, 422 US 531, 542, 95 S Ct 2313, 45 L Ed 2d 374 (!975), Id.

AFFIANT also concedes the TEXAS COURT OF CRIMINAL APPEALS has HELD THAT THE EXCLUSIONARY RULE did not PRECLUDE ADMISSION OF EVIDENCE from a WARRANTLESS SEARCH AND SEIZURE **THAT WAS PERMISSIBLE AT THE TIME OF THE SEIZURE.** SWINK v STATE, 617 SW 2d 203, 209-10 (Tex Crim App 1981).

In KYLLO, supra, at 40, the COURT HELD; "We have said that the FOURTH AMENDMENT DRAWS 'a firm line **AT THE ENTRANCE TO THE HOUSE,**' PAYTON, 445 US, at 590. **THAT LINE, WE THINK, MUST BE NOT ONLY FIRM BUT ALSO BRIGHT** - which REQUIRE CLEAR SPECIFICATION OF THOSE METHODS OF SURVEILLANCE **THAT REQUIRE A WARRANT.** While it is certainly possible to conclude from the videotape of the thermal imaging that occurred in this case that NO 'SIGNIFICANT' COMPROMISE OF THE HOMEOWNER'S PRIVACY HAS OCCURRED, **WE MUST TAKE THE LONG VIEW, FROM THE ORIGINAL MEANING OF THE FOURTH AMENDMENT FORWARD.** Id.

"'The FOURTH AMENDMENT IS TO BE CONSTRUED IN THE LIGHT OF WHAT WAS DEEMED AN UNREASONABLE SEARCH AND SEIZURE WHEN IT WAS ADOPTED, AND IN A MANNER WHICH WILL CONSERVE PUBLIC INTERESTS AS WELL AS THE INTERESTS AND RIGHTS OF INDIVIDUAL CITIZENS.'" CARROLL v UNITED STATES, 267 US 132, 149 (1925).Id.

"Where, as here (AFFIANT'S CASE ALSO), the Government uses a device that is not in general public use, TO EXPLORE DETAIL OF THE HOME that WOULD PREVIOUSLY HAVE BEEN UNKNOWABLE WITHOUT PHYSICAL INTRUSION, THE SURVEILLANCE IS A 'SEARCH' AND IS PRESUMPTIVELY UNREASONABLE **WITHOUT A WARRANT.** Id.

"Thus, OBTAINING BY SENSE - ENHANCING TECHNOLOGY [A SNIFF BY KELEV THE DRUG - DETECTION DOG] ANY INFORMATION REGARDING THE HOMES INTERIOR that could NOT OTHERWISE HAVE BEEN OBTAINED WITHOUT PHYSICAL 'INTRUSION INTO A CONSTITUTIONALLY PROTECTED AREA,' SILVERMAN v UNITED STATES, 365 US 505, 512, CONSTITUTES A SEARCH - AT LEAST (AS HERE) [AFFIANT INCLUDED] THE TECHNOLOGY IN QUESTION IS NOT IN GENERAL PUBLIC USE. THIS ASSURES PRESERVATION OF THAT DEGREE OF PRIVACY AGAINST GOVERNMENT THAT EXISTED WHEN THE FOURTH AMENDMENT WAS ADOPTED." KYLLO, supra, at 28, b, decided JUNE 11, 2001, Id.

AFFIANT ASSERTS the KYLLO COURT further HELD "The QUESTION WHETHER A WARRANTLESS SEARCH OF A HOME IS REASONABLE AND HENCE CONSTITUTIONAL MUST BE ANSWERED NO IN MOST INSTANCES,..." Id. at 28, a; see also, FLORIDA v JOELIS JARDINES, 569 US ___ (2013) slip op 1 - 5, JUSTICE KAGAN, with whom JUSTICE GINSBURG and JUSTICE SOTOMAYOR join, concurring (citing KYLLO, AND STATING, "It is not suprising that a case involving a search of a home, property concepts and privacy concepts should so align)." "As KYLLO made clear, the 'sense-enhancing' tool at issue may be 'crude' or 'sophisticated,' may be old or new..., may be either smaller or bigger than a breadbox; still, 'at least where (as here)[AFFIANT INCLUDED]' the devise is not 'in general public use,' training it on a home violates our 'minimal expectation of privacy' - an expectation 'that exists, and is acknowledged to be reasonable.'" citing KYLLO, 533 US, at 34, 36, Id. "That does not mean the device is off limits,...; it just means police officers cannot use it to examine a home without a warrant or exigent circumstance. See BRIGHAM CITY v STUART, 547 US 398, 403 - 404 (2006)(describing exigencies allowing the warrantless search of a home). JARDINES, KAGAN CONCURRING, at *5, Id.

AFFIANT contends the aforementioned factual LAW with THE RECORD establishes the collation of circumstances inferred from the concert actions among the alleged PARTICIPANTS, listed above as, "JUDICIAL SYSTEM too include ATTORNEY OF RECORD, JIM SHAW." With said facts, and/or circumstantial evidence to follow, is sufficient to prove an existence of a "CONSPIRACY TO CONCEAL AND IGNORE STATE AND FEDERAL PRECEDENT TO UNLAWFULLY CONVICT AND CONFINE AFFIANT." Although, under FEDERAL LAW, circumstantial evidence is sufficient to prove an existence of A CONSPIRACY TO DENY AFFIANT'S LIBERTY (See, 18 USCA § 371; also, US v THON, 917 F 2d 170, Id.).

AFFIANT deposes:

AFFIANT asserts, THE JUDICIAL SYSTEM too include ATTORNEY OF RECORD JIM SHAW, has had this intentional, known, and reckless ignorance for the FEDERAL PRECEDENT of the KYLLO v US, supra, Id., DELIVERED and ESTABLISHED JUNE 11, 2001, and TEXAS STATE PRECEDENT of TEXAS CODE CRIMINAL PROCEDURE, ARTICLE § 4.14, JURISDICTION OF MUNICIPAL COURT, being ignored in a manner that involves SUBSTANTIAL RISK OF AFFIANT'S LIBERTY.

The facts in STATE v DAUGHERTY, 931 SW 2d 268, 283 established (Tex Crim App 1996) the TEXAS COURT OF CRIMINAL APPEALS acknowledges; "The SUPREME COURT has held evidence found pursuant to an execution of A VALID SEARCH WARRANT IS ADMISSABLE **PROVIDED** THE

9

25

INFORMATION USED TO OBTAIN THE WARRANT 'WHOLLY UNCONNECTED TO INFORMATION UNCOVERED DURING AN EARLIER, INVALID SEARCH.'"

The facts in AFFIANT'S SEARCH WARRANT establish, "The canine ALERTED to the presence of narcotic odors from the residence, AND INFORMATION WAS INCLUDED IN THE AFFIDAVIT OFFICER'S USED TO OBTAIN A SEARCH WARRANT FOR AFFIANT'S APARTMENT."

The facts of both, the KYLLO CASE established since JUNE 11, 2001, and AFFIANT'S PRESENT CASE was decided under PRIVACY RIGHTS, with AFFIANT'S CASE BEING VACATED AND REMANDED.

The facts of the TEXAS COURT OF CRIMINAL APPEALS on OCTOBER 23, 2013 IN AFFIANT'S PRESENT CASE ESTABLISHED, "A DOG SNIFF LED TO THE CHARGES AGAINST HIM."

The facts in AFFIANT'S PRESENT CASE and FEDERAL CASE LAW SINCE 1978 ESTABLISH the good faith exception does not apply as THE MATERIAL PRESENTED IN OFFICERS AFFIDAVIT to the MUNICIPAL COURT PRO-TEM JUDGE could be conscrued as MISLEADING and possibly, as such, FALSE.

The facts of TEXAS LAW particularly, TEXAS CODE CRIMINAL APPEALS ARTICLE § 4.14, JURISDICTION OF MUNICIPAL COURT, and FEDERAL CASE LAW, at minimum since 1972, ESTABLISHES, "The PRO-TEM JUDGE of the MUNICIPAL COURT OF FORT WORTH, TEXAS has authority that 'EXTENDS ONLY' to the RELATIVELY STRAIGHT FORWARD TASK OF ISSUING ARREST WARRANTS FOR BREACH OF MUNICIPAL ORDINANCES." THEREBY, AFFIANT'S WARRANT FOR SEARCH AND ARREST WAS TO BE CONSIDERED OF NO FORCE OR EFFECT AS ISSUED, UNLAWFULLY CONVICTING AND CONFINING AFFIANT THROUGH SAID SEARCH AND ARREST.

The facts of TEXAS LAW, supra, and FEDERAL CASE LAW SINCE 1933 ESTABLISHES, the MUNICIPAL COURT PRO-TEM JUDGE of FORT WORTH, TEXAS had NO BUSINESS ISSUING THE SEARCH AND ARREST WARRANT.

The facts BRIEFED BY AFFIANT HEREIN, THE ATTACHED MANDAMUS, AND RECORDS OF BRIEFINGS THROUGH THIS ENTIRE APPEAL PROCESS ESTABLISH THE JUDICIAL SYSTEM, as referenced herein, too include ATTORNEY OF RECORD JIM SHAW, HAS CHOSE TO, NOT ONLY ABUSE THEIR DISCRETION BUT HAVE DECIDED THROUGH THEIR ACTION TO ENTER INTO A "CONSPIRACY TO CONCEAL AND IGNORE STATE AND FEDERAL PRECEDENT TO UNLAWFULLY CONVICT AND CONFINE AFFIANT."

AFFIANT is reminded of a case very similar to this PRESENT CASE in which an ATTORNEY OF RECORD, much like JIM SHAW, called a witness, much like OFFICER J.C. WILLIAMS, and through questioning established the OFFICER had IGNORED PROPER PROCEDURE, FAILED TO DO A PROPER INVESTIGATION OF CORROBORATING FACTS AS TO THE ACCUSED, FAILED TO OBTAIN A SEARCH WARRANT TO USE A TOOL NOT IN GENERAL PUBLIC USE, SUCH AS KELEV THE DRUG DETECTION DOG, EVEN WENT TO A COURT, MUCH LIKE THE MUNICIPAL COURT PRO-TEM JUDGE OF FORT WORTH, TEXAS, WHO LACKED JURISDICTION UNDER TEXAS LAW TO ISSUE SAID SEARCH WARRANT, however, ATTORNEY FAILED TO ESTABLISH ANY RULING OR MAKE ANY OBJECTIONS TO PRESERVE THESE ERRORS, NOR WERE THEY ADDRESSED IN THE APPEAL PROCESS, MUCH LIKE ATTORNEY

10

OF RECORD JIM SHAW.

HOWEVER, THE TRIAL JUDGE, MUCH LIKE JUDGE MIKE THOMAS, during questioning of the witness, raises his hand with all questioning coming to a stop, and he says to the PROSECUTING ATTORNEY AND ASSISTANT, MUCH LIKE SARAH E. BRUNER WITH ASSISTANT BROOKE PANUTHOS, **"THIS IS WHAT I'M TALKING ABOUT THESE GUYS,"** pointing to OFFICER on witness stand, **"ARE IN SUCH A HURRY TO GET THIS GUY,"** pointing to DEFENDANT, **"THAT THE PROPER PROCEDURES ARE NOT BEING FOLLOWED. THIS IS WHAT WE'RE NEEDING TO DEAL WITH. DO YOU SEE THAT ?"** Then the PROSECUTOR, IN FEAR THE JUDGE WOULD DO THE RIGHT THING AND EXCLUDE THE EVIDENCE, THEREBY DISMISS THE CASE CAN ONLY REPLY, **"YES YOUR HONOR, YES YOUR HONOR, YES YOUR HONOR,"** all the while JUDGE FULLY AWARE HE HAD A DUTY AND OBLIGATION TO DO JUST THAT, DISMISS THE CASE, CHOSE TO ABUSE HIS DISCRETION, IGNORING THE FACTS OF BOTH A FOURTH AMENDMENT VIOLATION, AND TEXAS LAW VIOLATION, TO THEN GESTURE WITH HIS HAND FOR THE QUESTIONING TO CONTINUE. However, upon DEFENDANT receiving the TRANSCRIPTS **THIS PORTION HAD BEEN ENTIRELY OMITTED.**

When the EXCLUSIONARY RULE'S SOLE PURPOSE IS TO **DETER FUTURE FOURTH AMENDMENT VIOLATIONS,** Id., citing UNITED STATES v LEON, 468 US 897, 909 n.2, 104 S Ct 3405, 82 L Ed 2d 677 (1984), and when APPLICABILITY OF THE EXCLUSIONARY RULE is limited to SITUATIONS IN WHICH DETERRENCE IS "THOUGHT MOST EFFICACIOUSLY SERVED," DAVIS, 131 S Ct at 2426, citing CALANDRA, 414 US at 348, with the SUPREME COURT declaring that "[w]hen the police exhibit 'deliberate,' 'reckless,' or 'grossly negligent' DISREGARD FOR FOURTH AMENDMENT RIGHTS, THE DETERRENT VALUE OF EXCLUSION IS STRONG AND TENDS TO OUTWEIGH THE RESULTING COSTS." DAVIS, supra, at 2427, Id..

It is very clear from the KYLLO CASE, supra, that established since JUNE 11, 2001, that the WARRANTLESS SEARCH WITH KELEV THE DRUG DETECTION DOG WAS NOT PERMISSABLE AT THE TIME OF SAID SEARCH, NOR HAS IT BEEN SINCE JUNE 11, 2001, thereby A FOURTH AMENDMENT VIOLATION OCURRED.

The "MOST EFFICACIOUSLY SERVED" DETERRENT IS TO NOT ONLY OVERTURN THE AFFIANT'S PRESENT CASE FOR A DELIBERATE, RECKLESS, AND GROSSLY NEGLIGENT DISREGARD FOR FOURTH AMENDMENT RIGHTS VIOLATION, BUT TO OVERTURN ALL VIOLATIONS WHERE A DRUG DETECTION DOG HAS BEEN USED IN THE SAME MANNER WITHOUT FIRST PROCURING A SEARCH WARRANT AS ESTABLISHED JUNE 11, 2001, in KYLLO v US, supra, Id. Thereby ceasing the lower COURT OF APPEALS UNCONSTITUTIONAL RULINGS WITH AFFIRMATIONS OF CONVICTIONS THROUGH SAID ILLEGAL / UNLAWFUL SEARCH AND SEIZURES ESTABLISHED UNDER FEDERAL PRECEDENT OF KYLLO.

AFFIANT is as well covered under TEXAS CODE CRIMINAL PROCEDURE ARTICLE § 38.23, where the SECOND DISTRICT COURT OF APPEALS HAS REAFFIRMED THE PRESENT CASE AS THE SEARCH WARRANT AND AFFIDAVIT SIGNED BY THE MUNICIPAL COURT PRO-TEM JUDGE OF FORT WORTH, TEXAS lacked JURISDICTION TO ISSUE, and as issued of NO FORCE OR EFFECT.

11

27

AFFIANT has established a clear LIBERTY INTEREST ISSUE wherein there exist the established fact that the herein NAMED JUDICIAL SYSTEM too include ATTORNEY OF RECORD JIM SHAW, have whether by calculated intent and design, or by their combined error, incompetance, apathy and ignorance, have collectively, whether either through their acts of commission and/or omission, have entered into "A CONSPIRACY TO CONCEAL AND IGNORE STATE AND FEDERAL LAW PRECEDENT TO UNLAWFULLY CONVICT AND CONFINE AFFIANT," specifically, VIOLATING FOURTH AMENDMENT, TEXAS CODE CRIMINAL PROCEDURE ARTICLE(S) §§ 4.14, MUNICIPAL COURT JURISDICTION, 38.23 STATUTORIAL EXCLUSIONARY RULE, excluding evidence "obtained by an officer or other person in violation of **ANY PROVISIONS OF THE CONSTITUTION OR LAWS OF THE STATE OF TEXAS, OR OF THE CONSTITUTION OR LAWS OF THE UNITED STATES OF AMERICA**; and IGNORING FEDERAL PRECEDENT OF KYLLO v US, 533 US 27, 121 S Ct 2038, 150 L Ed 2d 94, **SERIOUS CONFLICTIONS TO TEXAS COURT OF APPEALS RULINGS,** to subject this AFFIANT to CONSTITUTIONAL DEPRIVATIONS AND INJURIES thereby inflicting grievous losses of the AFFIANT'S PROTECTED LIFE, LIBERTY, AND PROPERTY INTEREST BY AND THROUGH THEIR BLATANT VIOLATIONS AND LACK OF REQUISITE PROCESS BEFORE DEPRIVING AFFIANT OF THOSE INTERESTS.

Wherein THE JUDICIAL SYSTEM, NAMED HEREIN, TOO INCLUDE ATTORNEY OF RECORD JIM SHAW, THROUGH COLLECTIVE ACTS, AS COMBINED IN THEIR CONSPIRACY AND AS UTILIZED IN A JUDICIAL PROCESS that as designed, structured, implemented, and as currently practiced in THE JUDICIAL SYSTEMS TOO INCLUDE ATTORNEY OF RECORD JIM SHAW'S OPPRESSIVE, ABUSIVE, AND GROSSLY PREJUDICIAL APPLICATION TO THIS AFFIANT, WAS TOTALLY LACKING IN EVEN A FACSIMILE OF REASONABLE SAFEGAURDS THAT ARE CONSTITUTIONALLY SUFFICIENT TO PROTECT AGAINST UNJUSTIFIED DEPRIVATIONS OF AFFIANT'S FUNDAMENTAL RIGHTS AND RIGHT TO DUE PROCESS.

Whereby, THE JUDICIAL SYSTEM, herein, too include ATTORNEY OF RECORD JIM SHAW'S, COLLECTIVE ACTS / CONSPIRACY has resulted IN VIOLATIONS THAT RISE TO THE LEVEL OF A SUBSTANTIAL DEFECT. Thereby, SUBJECTING AFFIANT TO THE DEPRIVATION OF HIS FUNDAMENTAL DUE PROCESS RIGHTS. RESULTING IN A COMPLETE MISCARRIAGE OF JUSTICE THAT IS INCONSISTENT WITH FAIR PROCEDURE; TO A SUBSTANTIAL DETRIMENT AND INJURY OF THE AFFIANT.

AFFIANT THEREFORE STATES, SHOULD THE COURT OF CRIMINAL APPEALS NOT GRANT RELIEF AND A WRITTEN ORDER TO ACQUIT THE AFFIANT BASED ON THE LAW HEREIN AND THROUGH THE ATTACHED MANDAMUS THROUGH THE RECORDS INVOLVED IN THE PRESENT CASE, THAT THEY TOO BE ENJOINED INTO THE INVESTIGATION, HEARINGS, PROSECUTIONS AND CONVICTIONS FOR THE "CONSPIRACY TO CONCEAL AND IGNORE STATE AND FEDERAL LAW PRECEDENT TO UNLAWFULLY CONVICT AND CONFINE AFFIANT." THIS IS AFFIANT'S REQUEST OF THE TEXAS ATTORNEY GENERAL'S OFFICE.

AFFIANT FURTHER SAYETH NOT.

_____
GERARDO TOMAS RIVAS #01766735
AFFIANT / PRO-SE

12

## CERTIFICATE OF SERVICE

The undersigned certifies that true and correct copies of: THE PETITION FOR WRIT OF MANDAMUS and the attached AFFIDAVIT COMPLAINING OF: CONSPIRACY TO CONCEAL AND IGNORE STATE AND FEDERAL LAW PRECEDENT TO UNLAWFULLY CONVICT AND CONFINE AFFIANT, being submitted to the TEXAS ATTORNEY GENERAL, has been submitted return receipt applied to:

1) OFFICE OF TEXAS ATTORNEY GENERAL, PROSECUTION SECTION, 209 W. 14th St., P.O. Box 12548, AUSTIN, TEXAS 78711 - 2548;

2) COURT OF CRIMINAL APPEALS, P.O. Box 12308, CAPITOL STATION, AUSTIN, TEXAS 78711;

3) Hon. Lisa Mc Minn, STATE PROSECUTING ATTORNEY, P.O. Box 12405, AUSTIN, TEXAS 78711;

4) SECOND DISTRICT COURT OF APPEALS, TIM CURRY BLDG., 401 W. BELKNAP St., Ste. 9000, FORT WORTH, TEXAS 76102;

5) Hon. Michael Thomas, JUDGE, CRIMINAL DISTRICT COURT NO. 4, TIM CURRY CRIMINAL JUSTICE CENTER, 401 W. BELKNAP St., FORT WORTH, TEXAS 76196;

6) Charles M. Mallin, ASST. CRIMINAL DISTRICT ATTORNEY, 401 W. BELKNAP St., FORT WORTH, TEXAS 76196; and,

7) Jim H. Shaw, 916 W. BELKNAP St., FORT WORTH, TEXAS 76102.

SIGNED AND SUBMITTED _20_ day of _July_ _2015._

GERARDO TOMAS RIVAS #01766735

## UNSWORN DECLARATION

I, GERARDO TOMAS RIVAS, TDCJ-ID NO. 01766735, PRO-SE RELATOR / AFFIANT, for the matters stated in THE PETITION FOR WRIT OF MANDAMUS and the attached AFFIDAVIT COMPLAINING OF: CONSPIRACY TO CONCEAL AND IGNORE STATE AND FEDERAL LAW PRECEDENT TO UNLAWFULLY CONVICT AND CONFINE AFFIANT, being confined in the STATE OF TEXAS entitles the use under both, FEDERAL LAW (28 USCA § 1746), and TEXAS STATE LAW (VTCA CIV PRAC AND REMS CODE §§ 132.001 - 132.003) of this UNSWORN DECLARATION to declare under penalty of perjury, and RELATOR / AFFIANT DOES SO DECLARE: IN PLACE OF A WRITTEN DECLARATION, VERIFICATION, CERTIFICATION, OATH, OR AFFIDAVIT SWORN BEFORE A NOTARY PUBLIC, that the facts deposed, and the facts of record claimed are true and correct as stated in documentation listed above under penalty of perjury by this RELATOR / AFFIANT, thereby, through this UNSWORN DECLARATION are to be considered VERIFIED, CERTIFIED, AND SWORN TO BY THIS RELATOR / AFFIANT.

SIGNED AND SUBMITTED _20_ day of _July_ , 2015.

GERARDO TOMAS RIVAS #01766735
POWLEDGE UNIT T/C N - 64
1400 FM 3452
PALESTINE, TEXAS 75803 -2350

1

29

Gerardo J. Rivas
1766735- Powledge
1400 Fm 3452
Palestine, Tx
          75803

CERTIFIED MAIL

7014 1820 0000 2563 0348

SAN ANTONIO P&DC

TUE 21 JUL 2015 PM

$8.33⁰
US POSTAGE
FIRST-CLASS

971S00964621
78230
000003814

Second District Court of Appeals
Tim Curry Bldg
401 W. Belknap St
Ste 9000
Fort Worth, Tx
              76102

RECEIVED

JUL 2 7 2015

COURT OF APPEALS
SECOND DISTRICT OF TEXAS
DEBRA SPISAK, CLERK